## THE STATE v. JACK CRIDDLE, Appellant.

Division Two, March 4, 1924.

1. **APPEAL:** From Plea of Guilty. An appeal lies from a judgment entered upon a plea of guilty.

2. **APPELLATE JURISDICTION:** Indictment for Felony. Where the crime which the information purported to charge against appellant was one for which imprisonment in the State Penitentiary for two years or more might have been imposed, although it was not actually imposed, the appeal is properly granted to the Supreme Court.

3. **PUNISHMENT:** Crime Committed Before Statute Goes into Effect. An act does not go into effect until ninety days after the adjournment of the Legislature; and where the information was based on an act which increased the offense from a misdemeanor to a felony for an offense committed three days before the act went into effect, the information did not charge an offense under such act; but he can be punished under the existing stat-

ute which makes the offense a misdemeanor, if proceeded against within the time and manner prescribed by law.

4. **INFORMATION: Not Filed Within a Year: Limitations.** Although the affidavit against defendant was filed within one year after the misdemeanor was committed, and he was bound over to the circuit court by the justice, his prosecution is barred by limitations under the statute (Sec. 3738, R. S. 1919) unless an information was filed in the circuit court within one year after the offense was committed. The institution of a criminal prosecution dates from the filing of the information, and not from the date of the filing of the affidavit in the court of the justice of the peace.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*Jesse W. Barrett,* Attorney-General, and *Allen May,* Special Assistant Attorney-General, for respondent.

(1) Appeal from a judgment entered on a plea of guilty is recognized and proper procedure. State v. Rosenblatt, 185 Mo. 114, 119; State v. Siegel, 265 Mo. 239. (2) The information states no actionable offense under the laws of Missouri. (a) The law making this offense a felony did not become effective until after the date of the commission of the offense alleged in the information. Art. IV, sec. 36, Mo. Const.; Sec. 27(g) 103, Sec. 29(c) 105, Laws 1921, 1st Ex. Sess.; Certificate of Secy. of State, p. 201, Laws 1921, 1st Ex. Sess. (b) If the information could be construed as charging the same facts as a misdemeanor, under Sec. 7595, R. S. 1919, the prosecution is, on the face of the information, barred by limitations. Sec. 3738, R. S. 1919. (c) The filing of an affidavit by a private individual does not constitute the institution of a prosecution. The information alone does this. State v. Shortell, 93 Mo. 123; Pilot Grove v. McCormick, 56 Mo. App. 530; State v. Powell, 44 Mo. App. 21.

DAVID E. BLAIR, P. J.—Appeal from a judgment of the Circuit Court of Pemiscot County, entered against appellant upon his plea of guilty. It is conceded that appeal lies in such case. [State v. Rosenblatt, 185 Mo. 119, 83 S. W. 975, and cases cited; State v. Siegel, 265 Mo. 239, 177 S. W. 353, and cases cited.]

**Appeal.**

The information originally contained two counts. The second count was dismissed and need not be noticed. Several persons were joined as defendants, but the case was dismissed as to all such defendants, except the appellant. Said count charged that appellant, on or about October 30, 1921, drove an automobile while he was in an intoxicated condition.. He waived formal arraignment and entered his plea of guilty and was fined $100 and costs. Thereafter he filed his motion in arrest and same was overruled. Appeal was properly granted to this court because the crime which the information purported to charge against appellant was one for which imprisonment in the penitentiary might have been imposed, even though it was not actually imposed. [State v. White, 299 Mo. l. c. 604; State v. Woodson, 248 Mo. 705, 154 S. W. 705; State v. Underwood, 254 Mo. 469, 162 S. W. 184.]

**Appellate Jurisdiction.**

The information was evidently based upon Laws 1921, First Extra Session, page 103, section 27, subsection (g). By Section 29, subsection (c) of the same act, any person violating subsection (g) of Section 27 shall be deemed guilty of a felony and be liable to punishment by imprisonment in the penitentiary from two to five years down to a fine of $100.

The first extra session of the Fifty-first General Assembly adjourned August 3, 1921, and the act above referred to did not go into effect until ninety days thereafter or until November 2, 1921. [See certificate of the Secretary of State, Laws 1921, First Extra Session, page 201; Constitution of Missouri, Art. IV, sec. 36.] The information charged that the crime was committed October 30, 1921, which was three days before said act went into effect. The information, therefore, charged no offense

under said act. The learned Attorney-General confesses error on this point.

Section 7595, Revised Statutes 1919, provided that "whoever operates a motor vehicle in an intoxicated condition shall be deemed guilty of a misdemeanor." No punishment other than suspension of license or certificate of registration was fixed by said section and the punishment was therefore fixed by Section 7601, Revised Statutes 1919, at a fine of not less than $25 or more than $100 for the first offense. Said sections 7595 and 7601 were in force until Laws 1921, First Extra Session, pp. 76 to 107, went into effect on November 2, 1921. The act, which appellant was charged to have committed, was therefore a misdemeanor under Section 7595, on October 30, 1921, and the punishment assessed was within the limits fixed by said Section 7601.

The affidavit against appellant was filed June 19, 1922, or within one year after the act is charged to have been committed. He was bound over to the circuit court by the justice of the peace on June 27, 1922. However, the information was not filed in the circuit court until March 12, 1923, or more than one year after the act was committed. The institution of a criminal prosecution dates from the filing of the information and not from the date the affidavit was filed in the justice of the peace court. [State v. Shortell, 93 Mo. 123; State v. Kelm, 79 Mo. 515; City of Pilot Grove v. McCormick, 56 Mo. App. 530; State v. Powell, 44 Mo. App. 21.] Prosecution of appellant for the misdemeanor denounced by Section 7595, Revised Statutes 1919, was therefore barred by the Statute of Limitations when the information was filed. [Sec. 3738, R. S. 1919.] The learned Attorney-General concedes this point also.

It would, therefore, be fruitless, although it might be interesting, to consider whether the judgment could be sustained on the ground that the use of the word "feloniously" in the information may be treated as surplusage and the information held to charge sufficiently a misdemeanor under said Section 7595. In a proper case where

the prosecution is not already barred, this inquiry would be a pertinent one in view of the cases of State v. Joiner, 19 Mo. 224, and State v. Emerich, 13 Mo. App. 492. We are precluded from entering into such an inquiry in this case.

The judgment is reversed and the defendant discharged. All concur.

Headnotes 1 to 4:    Criminal Law: 1, 17 C. J. sec. 3295;    2, 17 C. J. sec. 3282 (1926 Anno);    3, 16 C. J. sec. 3203 (1926 Anno);    4, 16 C. J. 355.