Respondent herein, a corporation, applied to the Public Service Commission for a certificate of convenience and necessity to operate as a motor bus carrier of passengers between Independence, Fairmount Park and Kansas City, Missouri, and also for approval of a proposed issue of stock. Respondent does not propose to do intra-city transportation in Kansas City. The request for approval of the stock issue was conditioned upon the granting of the certificate of convenience and necessity. The two applications, numbered respectively 6702 and 6703, were consolidated and heard as one case.
Kansas City Public Service Company, a corporation, which for convenience we shall refer to as the service company, operated a street car and motor bus passenger transportation system in Kansas City and its suburban territory, extending to Independence, serving the territory proposed to be served by respondent, with street car lines substantially paralleling respondent's proposed route, and shortly prior to the hearing before the commission had installed a motor bus line as additional service for the territory proposed to be served by respondent. It appeared as a party to the proceedings before the commission, protesting against the granting of the certificate sought by respondent. The commission, after a hearing, denied respondent's application. On certiorari for review, sued out by respondent herein, the Circuit Court of Jackson County, sitting at Independence, *Page 550 
reversed the order of the commission and remanded the cause to that body with certain directions. From that judgment the commission and the Public Service Company appealed to this court. Respondent's applications were filed with the commission October 24, 1929. The certificate of convenience and necessity is sought under the applicable provisions of the Motor Bus Act of 1927, now appearing as part of the Public Service Commission Law, Article 8 of Chapter 33, Sections 5264-5281, Revised Statutes 1929 (9 Mo. Stat. Ann. pp. 6679 et seq.). For some years prior to the formation of respondent corporation certain individuals had been operating passenger automobiles for hire without a certificate from the commission, over substantially the route proposed to be covered by respondent, and prior to the filing of the applications herein the individuals then operating, claiming to be a copartnership, had applied to the commission for a certificate of convenience and necessity, which application had been denied. Thereafter five of those individuals with eight other persons, formed the respondent corporation, the individuals, however, continuing to operate up to the time of the hearing.
The commission, after considering the voluminous evidence offered at the hearing on respondent's applications, concluded that the public welfare would be best served by refusing the certificate of convenience and necessity sought by respondent, and accordingly denied it. Since respondent asked approval of its proposed stock issue only if its application for the certificate of convenience and necessity should be granted, the application for approval of the stock issue was also denied. In the view we take of the case it would serve no useful purpose to summarize the evidence. In our opinion the circuit court was without authority to review the proceedings and order of the commission because the applicant did not file a motion for rehearing before the commission within the time prescribed by statute, and did not make timely application to the circuit court for review. We are therefore precluded from considering the question of the sufficiency of the evidence to sustain the commission's order.
The commission's order denying respondent's application was made and dated April 25, 1930. Omitting the findings of fact, the reasons stated by the commission for its conclusions and the signatures, the order reads:
"It is, therefore, after due consideration,
"ORDERED: 1. That the application of the Kansas City, Independence and Fairmount Stageline Company for a certificate of public convenience and necessity to operate as a motor carrier from Independence and through Fairmount to Kansas City be and the same is hereby denied.
"ORDERED: 2. That the application of the Kansas City, Independence and Fairmount Stageline Company for authority to issue stocks be and the same is hereby denied. *Page 551 
"ORDERED: 3. That the Kansas City Public Service Company place into service a sufficient number of sedan automobiles or light, fast busses to meet the demand on the part of the patrons of this route for this mode of transportation.
"ORDERED: 4. That this report and order be effective ten days after the date hereof and that the secretary of this Commission be required to serve certified copies of the report and order herein upon all persons interested in these proceedings and that the applicant and all other interested parties shall notify the commission on or before the effective date of this report and order, in the manner prescribed by Section 25 of the Public Service Commission Law, whether the terms of this order are accepted and will be obeyed."
On May 5, 1930, respondent filed with the commission its motion for rehearing. On the same day the service company filed a motion asking the commission to modify order No. 3, which related solely to said company so that said order No. 3 should not require but only recommend that said company put into operation the automobiles or fast busses there referred to, the ground of said motion being that the commission did not have jurisdiction to make that order since the major part of said company's transportation system was in Kansas City. [See Sec. 5264, R.S. 1929.] On June 16, 1930, the commission overruled respondent's motion for rehearing, but on the same day made and entered a "supplemental" report and order setting aside its above mentioned order No. 3 of April 25, but making no change in or reference to orders Nos. 1, 2 and 4 above quoted. The commission gave its reasons for concluding that it had exceeded its jurisdiction in making said order No. 3 and ordered: 1. "That the third order in the report and order of this commission in the above named cases (the order of April 25) be and hereby is set aside and held for naught." 2. "That this report and order be effective from and after this date." On June 26, 1930, ten days later, respondent filed with the commission a motion "for a rehearing of its supplemental report and order heretofore made in this cause on the 16th day of June, 1930, and to set aside the order of this commission made on the 16th day of June, 1930, overruling the applicant's motion for a rehearing of the original order of this commission and in lien thereof to enter an order dismissing the application herein," stating as its reasons, in substance, that the applicant was in the same situation as the service company with regard to the business it proposed to conduct and for similar reasons was not subject to the jurisdiction and control of the commission. This latter motion, which for convenience we may designate as the second motion for rehearing, was overruled by the commission on July 17, 1930.
On August 12, 1930, respondent herein, applicant before the commission, sued out of the circuit court a writ of certiorari for review of the proceedings and orders of the commission, making the commission, *Page 552 
the members thereof and the protestant service company parties. The commission, in response to the writ, certified its record and proceedings to the circuit court. In that court the service company filed a motion challenging the jurisdiction of the court to review the proceedings and orders of the commission and asking that the court quash its writ and dismiss applicant's petition therefor on the grounds that the applicant had failed to comply with the statutes requiring motions for rehearing to be filed with the commission before the effective date of the latter's order and that application to the circuit court for certiorari to review the commission's order must be made within thirty days after the denial of a rehearing by the commission. Over the service company's objections the court took its motion to quash with the case and ultimately overruled it and reversed the commission's order, holding that the commission was without jurisdiction and that if it had jurisdiction its order denying the certificate of convenience and necessity was unreasonable and unlawful.
Respondent invoked the jurisdiction of the commission and recognized it until after its motion for rehearing had been overruled. Even in its petition for certiorari it seeks review of the commission's findings and conclusions on the evidence, evidently still invoking the Public Service Commission Law rather than distinctly seeking the setting aside of the commission's orders on the ground that the commission had acted without jurisdiction or in excess of its jurisdiction. We shall not, therefore, enter into a discussion of the question of jurisdiction. [1] Suffice it to say on this question that respondent did not propose to do an intra-city business in Kansas City, that is, to transport passengers from one point to another point in the city. It proposed only to take passengers from a point or points within to points outside the city and viceversa. We think the commission was right in exercising jurisdiction of the applications. See for discussion of the principle involved. State ex rel. Ferguson-Wellston Bus Co. v. Public Service Commission, 332 Mo. 283, 58 S.W.2d 312.
[2, 3] The statute, now Section 5233, Revised Statutes 1929, Missouri Statutes Annotated, Volume 9, page 6660 (Sec. 10521, R.S. 1919), provides in substance and effect that in order to be entitled to a review of an order or decision of the commission the person or corporation seeking the review must have made application to the commission for a rehearing "before the effective date" of such order or decision. "Such application shall set forth specifically the ground or grounds on which the applicant considers said order or decision to be unlawful, unjust or unreasonable. No corporation or person or public utility shall in any court urge or rely on any ground not so set forth in said application."
In Lusk v. Public Service Commission, 227 Mo. 264, 272, 210 *Page 553 
553 S.W. 72, it is said that, "before the cause could get into the circuit court for review, it was necessary for parties complaining of the order of the commission to apply for a rehearing," citing the statute; and further, 277 Mo. l.c. 273, that under the Public Service Commission Act the circuit court exercises a jurisdiction in its nature derivative or appellate, rather than original. In the same case it was held that only grounds specified in the motion for rehearing could be considered by the court. For other cases so holding, see State ex rel. Mo. Pac. Ry. Co. v. Atkinson, 269 Mo. 634, 192 S.W. 86; State ex rel. Buffum Tel. Co. v. Public Service Commission, 272 Mo. 627, 199 S.W. 962; State ex rel. and to use City of St. Louis v. Public Service Commission, 326 Mo. 751, 34 S.W.2d 507. [See, also, State ex rel. M., K. T. Ry. Co. v. Public Service Commission,277 Mo. 175, 210 S.W. 386, 390.] It seems clear that the circuit court acquires jurisdiction to review the commission's orders only when the person or corporation seeking such review has complied with the requirements prescribed by the statute. The statute prescribes not only what the motion or application for rehearing shall contain but when it shall be filed, viz., before the effective date of the order or decision sought to be reviewed.
The learned circuit court recognized this conclusion but held, as we understand the opinion filed with the judgment and as respondent here contends, that the effective date of the commission's order of April 25 was May 6; this on the theory that the order of the commission making its order denying the applications "effective ten days after the date hereof" must be construed to mean that ten full days, 240 hours, must elapse between the day on which the order was made and the day on which the order was to become effective. In reaching that conclusion the court relied chiefly upon Ex parte Lucas, 160 Mo. 218, 61 S.W. 218, citing also State v. Criddle, 302 Mo. 634,259 S.W. 429. In Ex parte Lucas this court, speaking of a certain act passed in 1899, remarked that the General Assembly of that year adjourned May 22, 1899, and that the law took effect August 22 "ninety days after the General Assembly adjourned on May 22." It is patent there is an error in the statement. August 22 was theninety-second day after adjournment. The learned circuit court in the instant case said: "The inadvertence seems to be error of calculation of ninety-two days for ninety-one, and the statute must have become effective on August 21st, the 91st day after May 22nd." We think it more likely the inadvertence was in counting roughly three calendar months as ninety days. A few days more or less as to the time the act took effect made no difference in the disposition of the question at issue in the Lucas case and the court there was not concerned with the method of computing the time or whether the act took effect on the ninetieth or the ninety-first day after adjournment of the Legislature. The same is true of State *Page 554 
v. Criddle, supra, wherein the court said that the first extra session of the Fifty-first General Assembly adjourned August 3, 1921, "and the act above referred to did not go into effect until ninety days thereafter or until November 2, 1921. [See certificate of the Secretary of State, Laws 1921, First Extra Session 1921; Constitution of Missouri Art. IV, sec. 36.]" [Nov. 2 was the ninety-first day.] It may be the court there adopted the Secretary of State's statement without itself computing the time. At any rate, as stated above, a day more or less made no difference in the decision of the question at issue.
In National Bank of Commerce v. Mechanics' Amer. Nat. Bank,148 Mo. App. 1, 15, 127 S.W. 429, it is stated that the law under consideration took effect June 16, 1905, the Legislature enacting it having adjourned March 18, 1905. That would be the ninetieth day after adjournment.
Our secretaries of state have apparently varied in computing the ninety days after adjournment when by law acts without emergency clauses take effect. In his certificate appended to the laws enacted by the Fifty-seventh General Assembly the Secretary of State certifies that said General Assembly adjourned Tuesday, April 25, 1933, and that the laws enacted by it go into effect July 24, 1933, which is the ninetieth day after adjournment. [See Laws 1933, p. 484.]
In State v. Schenk, 238 Mo. 429, 451, 142 S.W. 263, the court quoted the certificate of the Secretary of State stating when legislative acts passed in 1899 took effect, thus: "The Legislature having adjourned on the twenty-second day of May, the laws without an emergency clause go into effect on Sunday, August 20, 1899." August 20 was the ninetieth day. The court further said, 238 Mo. l.c. 452: "In 1909 the Secretary of State in his certification (Laws 1909, p. 920) makes this statement: `The Legislature having adjourned the 17th day of May, the laws, not revision measures, and without emergency clauses, go into effect Monday, August 16, 1909. . . .'" August 16 was the ninety-first day after adjournment. In the Schenk case the question for decision was whether the act there under consideration took effect ninety days after adjournment of the Legislature, or, that having been a revising session, on November 1 of that year. The court decided that it took effect "ninety days after the Legislature adjourned." But in that case as in the Lucas and Criddle cases and in the cases cited in the Schenk case, the court was not concerned with the method of computing the ninety days or with the question of whether the computation should include or exclude the ninetieth day. In no case we have found has this court passed upon that question where it was an issue in the case. It is suggested that some of the differences in the time of taking effect of legislative acts as between ninetieth and ninety-first days after adjournment of the Legislature, shown by various certificates of different *Page 555 
secretaries of state, may be because sometimes the ninetieth day has fallen on Sunday and has been excluded for that reason, under the statute to be noted presently. Be that as it may, we have found no decision on that point which, in our judgment, could by analogy be said to constitute authority for respondent's contention here.
[4] Our statute, Section 655, Revised Statutes 1929 (7 Mo. Stat. Ann. p. 4899), provides: "The construction of all statutes of this State shall be by the following additional rules, unless such construction be plainly repugnant to the intent of the Legislature, or of the context of the same statute: . . . Fourth, the time within which an act is to be done shall be computed by excluding the first day and including the last, if the last day be Sunday it shall be excluded. . . ." The statute has been applied in many cases under varying circumstances. For illustration see the following:
In Scharff v. McGaugh, 205 Mo. 344, 103 S.W. 550, an execution issued February 1, 1893, returnable in ninety days, was held properly returned on May 2, which was the ninetieth day after the date of issuance. Under the old law requiring an order of court allowing and fixing the time for filing bills of exceptions, the time was computed by excluding the day on which the order was made and including the last day of the period named in the order. In Graham v. DeGuire, 154 Mo. 88, 55 S.W. 151, the leave given was to file the bill within ninety days. In State v. Harris,121 Mo. 445, 26 S.W. 558, leave was given to file the bill "sixty days from this date." In Linahan v. Barley, 124 Mo. 560, 28 S.W. 84, the order was to file the bill "in sixty days." [See, also, other cases cited in Graham v. DeGuire, supra.]
In Gray v. Worst, 129 Mo. 122, 31 S.W. 585, the court applied the statutory rule for computing the time within which an act is to be done to a contract, viz., a deed of trust which provided for sale by the trustee in case of default "after having advertised such sale thirty days in a newspaper," etc. The first insertion of the advertisement was on May 19. The sale was advertised for and was made on June 18, which was held to be a thirty days' notice by counting the day of the sale and excluding the day of the first publication.
In 26 Ruling Case Law, page 745, section 19, it is said:
"When time is to be computed from a particular day or when an act is to be done within a specified period from or after a day named, the rule is to exclude the first day designated and to include the last day of the specified period; except when the statute requires so many entire days to intervene, in which case both are excluded; and in many jurisdictions this common law rule has been codified." See, also, Stutz v. Cameron, 254 Mo. 340, 162 S.W. 221, for discussion of our statutory rule of computation. *Page 556 
In our opinion the proper construction of the commission's order that "this report and order be effective ten days after the date hereof," makes May 5 the effective date of the orders of April 25.
Respondent argues that if May 5 be deemed the effective date of the order it still had, under the statutory rule of computation, until and including that day to file its application for rehearing because it would thus have nine days after date of the order within which to file said application and the last day of that time, the ninth, fell on Sunday; wherefore, under the statute, the filing on the following Monday, May 5, was timely. It cites Spring v. Giefing, 315 Mo. 525, 289 S.W. 825. It was held in that case that when the last of the ten days after judgment allowed by statute for taking an appeal from a justice of the peace court fell on Sunday that day should be excluded under the statutory rule and that an appeal taken on the following Monday was timely. That rule would apply if the statute fixed a certain period, as so many days, after the making of the order or decision, within which the application for rehearing should be made. But the statute does not so read. It requires that such application shall be made "before the effective date" of the order or decision. The time for applying for rehearing is not to be reckoned from the date when the order or decision in question was made but is to be determined with reference to the effective date of such order or decision. Under this statute we think the rule excluding Sunday when it is the last day of the specified time within which an act must be done cannot be applied.
[5] It is further suggested that under Section 10 of the Motor Bus Act of 1927, Section 5277, Revised Statutes 1929, the commission's order could not become effective until thirty days after it was made even though the commission attempted to fix an earlier effective date, and therefore the application for rehearing was timely. That section provides that the orders and decisions of the commission on matters covered by the act shall be reduced to writing and a copy thereof served on the motor carrier affected thereby by mail "and such order and decision shall become operative and effective within thirty days after such service," etc. We do not think that provision was designed to prohibit the commission from fixing an effective date within such thirty day period and earlier than thirty days from the date of the order or decision. There might be many orders that reasonably could and in the judgment of the commission should be made effective in less than thirty days. The first section of the act, incorporated as Section 5264, Revised Statutes 1929, in the Public Service Commission Law, provides among other things that operators of motor vehicles coming within the act shall be deemed common carriers within the meaning of the Public Service Commission Law and must obtain from the commission certificates of convenience and necessity. By Section 5265 the commission is given *Page 557 
authority and charged with the duty to license, supervise and regulate them. It is clear from the scope and provisions of the whole act that the Legislature intended it to be a part of the Public Service Commission Law and to make such motor carriers subject to the jurisdiction of the commission and to the general provisions of the Public Service Commission Law as are other common carriers and public utilities. Section 5145, Revised Statutes 1929, part of the general provisions relative to the commission, provides that within a time specified in an order of the commission the person or corporation affected must, if required in the order, notify the commission whether the order will be obeyed and that: "Every order or decision of the commission shall of its own force take effect and become operative thirty days after the service thereof, except as otherwise provided," etc. We think the phrase "except as otherwise provided" means as may be otherwise provided or ordered by the commission. That seems to be the construction the commission has given the Public Service Commission Law. Many orders which the commission is required to make from time to time are such that they can reasonably and properly be made effective in less than thirty days from the time they are made. Doubtless in many cases they should be. The commission is authorized (Sec. 5232) to grant longer time if in its judgment the order cannot be complied with in thirty days. The commission is given broad powers and large discretion. We think it would not be in keeping with the evident purpose of the Public Service Commission Law to hold that it prohibits the commission from making an order effective in less than thirty days, and no provision of the law has been called to our attention that in our judgment requires such holding.
It is our conclusion that the commission had authority to make the order in question effective ten days after its date; that the effective date of the order, within the meaning of the statute, was May 5; and that the application for rehearing, not having been made before that date, came too late.
[6] We are of the opinion, also, that the application to the circuit court for certiorari or review was made too late, under Section 5234, supra. Respondent's motion for rehearing before the commission was overruled on June 16. It did not apply for certiorari until August 12, much more than thirty days thereafter. It contends that the time should be considered as running from July 17, the day when its second motion for rehearing was overruled by the commission. We do not agree with that contention. The modification of the commission's order of April 25, made on June 16, did not affect respondent nor in any way change the order of April 25 as to it. It affected only the protestant service company. As to the latter but only as to it the commission set aside its former order. As to respondent the order of April 25 remained as it had been originally *Page 558 
made and final unless set aside on review by the circuit court. And we cannot see how respondent, under the circumstances, could have any interest in the supplemental order of the commission of June 16 setting aside its order No. 3 of April 25, affecting only the service company, such as would entitle respondent to ask for a rehearing of said supplemental order. Having been denied the certificate authorizing it to operate, respondent could thereafter have no concern with what the commission might do respecting regulation of the service company's operation unless and until it could itself procure permission to operate. It seems to us that when the commission, on June 16, denied respondent's application for rehearing the proceeding before the commission was concluded and the commission's order became final, so far as respondent, applicant before the commission, was concerned, and that its right to seek review by the circuit court thereupon accrued.
It follows that the circuit court was without jurisdiction to review the order of the commission. Its judgment is therefore reversed and the cause is remanded to that court with directions to quash the writ of certiorari issued by it and to dismiss respondent's petition for the writ. Westhues, C., not sitting;Fitzsimmons, C., concurs.