STATE OF MISSOURI at the relation of ALTON RAILROAD COMPANY, Appellant, v. PUBLIC SERVICE COMMISSION.—155 S. W. (2d) 149.

Division One, October 30, 1941.

*Charles M. Miller* for appellant.

*James H. Linton,* General Counsel, and *Lester G. Seacat,* Assistant Counsel, for respondent.

783

DALTON, C.—On March 19, 1940, appellant filed its petition in the Circuit Court of Cole County for a writ of certiorari, pursuant to Sec. 5690, R. S. 1939, Mo. Stat. Ann., sec. 5234, p. 6661, to review a report and order of respondent. The writ was duly issued, served and return made. The return shows that on February 2, 1940, respondent entered a report and order upon an application to amend a prior report and order of respondent, as entered on June 11, 1932, requiring appellant to do the actual work of constructing an underpass or subway on Sterling avenue in Jackson County, at a point where Sterling avenue intersects and crosses appellant's tracks, and to bear 50 per cent of the cost of construction. On motion of respondent, the circuit court quashed the writ of certiorari and dismissed relator's petition. Relator appealed. The amount involved gives this court jurisdiction.

We are concerned only with the effective date of the order and subsequent proceeding in order to determine whether appellant filed its motion for a rehearing before the commission, within the time prescribed by statute, so as to authorize the circuit court, thereafter, to review the proceeding on certiorari. Accordingly we shall omit from the final report and order the findings of fact, the reasons stated by the commission, and all signatures. We shall set out only a part of the concluding portion of the "Report and Order upon Application to Amend Order," as follows:

"It is, therefore,

"Ordered: 1. That the order of the Commission issued in this case on June 11, 1932, be and the same is hereby amended by striking out all of the paragraphs designated Ordered: 1, Ordered: 2, and Ordered: 3, and substituting new paragraphs in lieu thereof and by

adding new paragraphs thereto which will make the amended order read as follows:

"Ordered: 1. . . .; Ordered: 2. . . .; Ordered: 3. . . .; Ordered: 4. . . .; Ordered: 5. . . .; Ordered: 6. That this order shall take effect ten days after this date, and that the Secretary of the Commission forthwith serve certified copy of same on all interested parties herein, and that each of said parties shall notify the Commission before the effective date of said order in the manner prescribed by Section 25 of the Public Service Commission Law (Section 5145, Revised Statutes of Missouri, 1929) whether the terms of said order are accepted and will be obeyed.

"Ordered: 2. That this report and order shall take effect ten days from the date thereof and that the Secretary of the Commission shall serve a certified copy of same on each of the parties interested herein. . . . Dated at Jefferson City, Missouri, this 2nd day of February, 1940."

On the same date a certified copy of said report and order was duly forwarded to appellant by mail. Appellant admits that a copy of the report and order was received by its attorney in Kansas City, Missouri, on the following day, February 3, 1940.

On February 12, 1940, appellant filed with the secretary of the commission its petition for a rehearing. This petition was denied on February 21, 1940, and an order entered accordingly. Thereafter, and within the time provided by Sec. 5690, supra, appellant filed its petition with the circuit court praying for a writ of certiorari to review said report and order.

Respondent's motion to quash the writ of certiorari and dismiss the petition assigned, as a ground therefor, that it appeared upon the face of the record that appellant did not "make application to the Public Service Commission for a rehearing before the effective date of said order of the Commission issued on February 2, 1940, as required by Section 5233, R. S. Mo. 1929, and by reason of such failure to make such application for rehearing before the effective date of said order the same became final and conclusive and cannot be reviewed nor set aside by any court and no cause or action accrued in this Court, irrespective of the filing herein of Relator's petition for writ of certiorari."

The section of the statute referred to is now Sec. 5689, R. S. 1939, Mo. Stat. Ann., sec. 5233, p. 6660, and contains the following provision: "No cause or action arising out of any order or decision of the commission shall accrue in any court to any corporation or person or public utility unless such corporation or person or public utility shall have made, before the effective date of such order or decision, application to the commission for a rehearing. . . . An order made after any such rehearing, abrogating, changing, or modifying

the original order or decision shall have the same force and effect as an original order or decision. . . .''

The first question for determination is the effective date of the order, as entered on February 2, 1940. Respondent contends that the effective date of the order was Monday, February 12, 1940. Respondent says it is wholly immaterial that a copy of the order was not received by appellant until February 3, 1940, or that the motion for rehearing was mailed in Kansas City, Missouri, before 1:00 P. M. on Saturday, February 10, 1940, because the motion for rehearing was not received by or filed with the commission and no application for a rehearing was made to the commission, until Monday, February 12, 1940, and after the effective date of the order. Respondent determines the effective date of the order by excluding the date of the order and including the tenth day thereafter, so that the order dated the 2nd would be effective the 12th.

Appellant contends that, under a proper construction of the amended order, the appellant had until February 24, 1940, to file its petition for rehearing. Appellant says that its motion for rehearing was not required to be filed until the time mentioned under both ''Ordered: 6'' and ''Ordered: 2'' had lapsed. This is upon the theory that the order making the amendment did not go into effect until ''ten days from'' its date, that is, ten full days of 24 hours, beginning at midnight on February 2, 1940, and ending at midnight of February 12, 1940, and so making the amendment effective on February 13, 1940. Appellant says, ''the orders in no event, became effective before the expiration of February 12, 1940, which would be after 12:00 P. M. of February 12, . . . Order 2 of the commission says that 'this report and order shall take effect ten days from the date thereof.' There is nothing ambiguous about these words. 'From' as used here, means a point of starting, and the time would start with 12:00 o'clock midnight February 2nd.'' Appellant further states ''The order proper was not to take effect until ten days after the amendment took 'effect;' '' the last paragraph of the Order, marked 2, . . . provides that the amendment should take effect, 'ten days from the date thereof,' (to-wit: February 2, 1940), then after the amendment took effect, Order 6 provided that ten days from that date (February 13, 1940), the Order as amended, should take effect, or on February 24, 1940.'' Appellant claims that, ''this construction gives full force and effect to both Order 2 and Order 6;'' and that, ''any further construction would make parts of the orders meaningless.''

We cannot agree with these contentions of appellant. The form of the amended order is not dated. The only date shown is February 2, 1940, which is the date at the close of the ''Report and Order on Application to Amend Order.'' Appellant's motion was directed to this order and, to insure a review, was required to be filed ''before''

its effective date. We think, however, that the words "this date" in "Ordered: 6" and "the date thereof" in "Ordered: 2," necessarily refer to February 2, 1940; and that the order of the commission, in its amended form, became effective ten days after (from) February 2, 1940. The order of the commission, "Ordered: 1," states "that the Order of the Commission issued in this case on June 11, 1932, be and the same is hereby amended . . . which will make the amended Order read as follows:" We think this order meant *amended as of this date, February 2, 1940;* that the words "this Report and Order" in "Ordered: 2," meant the "amended order;" and that the time fixed by both "Ordered: 6," a subdivision of "Ordered: 1," and "Ordered: 2" ran from the same date, February 2, 1940.

In the case of State ex rel. Kansas City, Independence & Fairmount Stage Lines Co. v. Public Service Commission, 333 Mo. 544, 63 S. W. (2d) 88, 92, in an opinion by COOLEY, C., Division 2 of this court, held that a report and order of the Public Service Commission dated April 25, 1930, and which provided that it should "be effective ten days after the date thereof," became effective May 5, 1930. In reaching that conclusion various authorities were reviewed and quoted from, including 26 R. C. L., p. 745, sec. 19, wherein it is said: "When time is to be computed from a particular day or when an act is to be done within a specified period from or after a day named, the rule is to exclude the first day designated and to include the last day of the specified period; except when the statute requires so many entire days to intervene, in which case both are excluded; and in many jurisdictions this common law rule has been codified." Reference was made to our statute, Sec. 655, R. S. 1939, Mo. Stat. Ann., sec. 655, p. 4899, giving additional rules for construing statutes, as follows: "Fourth, the time within which an act is to be done shall be computed by excluding the first day and including the last, if the last day be Sunday it shall be excluded." Reference was also made to cases wherein the statutory rule has been applied. It is unnecessary to review these cases here. The rule established in the case of State ex rel. Kansas City, Independence & Fairmount Stage Lines Co. v. Public Service Commission, supra, has been followed in the case of State ex rel. Toedebusch Transfer, Inc. v. Public Service Commission (Mo. App.), 144 S. W. (2d) 836.

We think Division 2 of this court reached a correct conclusion in the case of State ex rel. Kansas City, Independence & Fairmount Stage Lines Co. v. Public Service Commission, supra. In accordance with the holding in that case we hold that the effective date of the order of February 2, 1940, was February 12, 1940, and at the very beginning of said date, rather than at its close. This date being Monday and not Sunday, the last part of the rule was inapplicable.

The next question for determination is whether or not appellant's motion for rehearing was filed "before the effective date" of the

order, that is, so as to authorize a review of the order by the circuit court on certiorari, after the commission had overruled the motion for rehearing. The motion for rehearing was mailed in Kansas City, Missouri, about 1:00 P. M. Saturday, February 10, 1940. In due course it should have reached Jefferson City the next day, but since the office of the commission was not open on Sunday, the motion was not received by or filed with the Secretary of the Commission until Monday, February 12, 1940.

Appellant insists that if Sunday, February 11, 1940, was the last day for filing, then that under a proper construction of rule four of Sec. 655, supra, a filing on Monday was sufficient. Appellant relies upon the words, "if the last day be Sunday it shall be excluded." Appellant cites Manchester Iron Works v. E. L. Wagner Construction Co., 341 Mo. 389, 107 S. W. (2d) 89, 95, and Stutz v. Cameron, 254 Mo. 340, 353, 162 S. W. 221, 224. In the latter case it is said: "It is only when the act is to be done on Sunday, that Sunday is excluded in the *computation of time* under the statute. The act to be done here was the presentation of the petition. This was to be done on Monday and not on Sunday. Monday was, therefore, the last day, and not Sunday." (Italics ours.)

We think additional rule four with reference to construction of statutes, as set out in Sec. 655, supra, is inapplicable here. This rule applies to a statute fixing "the time *within* which an act is to be done." (Italics ours.) In this case Sec. 5689, supra, fixing the time for application for rehearing, provides that the application must be made to the commission "*before* the effective date" of the order. (Italics ours.) The word "before," as used here, has a definite meaning and needs no statutory definition. The first rule set out in Sec. 655, supra, provides that, "First, words and phrases shall be taken in their plain or ordinary and usual sense." We think that the word "before," as used in this statute (Sec. 5689, supra), meant preceding in point of time the "effective date" of the order, that is, earlier than, or previously to a certain event, to-wit, the time the order would otherwise becomes effective. [5 Words and Phrases (Permanent Edition), p. 267; Sec. 649, R. S. 1939, Mo. Stat. Ann., sec. 649, p. 4897.]

This same question was ruled in the case of State ex rel. Kansas City, Independence & Fairmount Stage Lines Co. v. Public Service Commission, supra, as follows: "Respondent argues that, if May 5 be deemed the effective date of the order, it still had, under the statutory rule of computation, until and including that day to file its application for rehearing because it would thus have nine days after date of the order within which to file said application, and the last day of that time, the ninth, fell on Sunday; wherefore, under the statute, the filing on the following Monday, May 5, was timely. It cites Spring v. Giefing, 315 Mo. 525, 289 S. W. 825. It was held in that case that, when the last of the ten days after judgment allowed by statute for

taking an appeal from a justice of the peace court fell on Sunday, that day should be excluded under the statutory rule, and that an appeal taken on the following Monday was timely. That rule would apply if the statute fixed a certain period, as so many days, after the making of the order or decision, within which the application for rehearing should be made. But the statute does not so read. It requires that such application shall be made 'before the effective date' of the order or decision: The time for applying for rehearing is not to be reckoned from the date when the order or decision in question was made, but is to be determined with reference to the effective date of such order or decision. Under this statute we think the rule excluding Sunday when it is the last day of the specified time within which an act must be done cannot be applied.''

Appellant contends that said holding was unnecessary to a decision in that case, because the application for the writ of certiorari, in that case, was not made to the circuit court within the time provided by the statute. Appellant requests a reconsideration of the question. Appellant contends that no satisfactory reason was assigned for the conclusion reached. Appellant asks for a statement as to why that part of the statute stating that ''if the last day be Sunday it shall be excluded,'' should not be applied ██ here. We hold it not applicable under the facts in this case, because Sec. 5689 does not require a computation of time. Instead, the statute requires the application for rehearing be made to the commission ''before the effective date'' of the order, that is, prior to, in advance of, and previous to the effective date of the order.

██ We hold that the application for a rehearing was not ''made'' to the commission, until the motion for a rehearing reached the commission; that a mere posting in Kansas City was insufficient; and that, if the effective date of the order was Monday, February 12, 1940, the filing of appellant's application for a rehearing on the same date, was not in time under the terms of the statute.

██ Appellant further contends that the order of February 2, 1940, was not operative until served; that there was no service, until a certified copy of the order was received by appellant's representative in Kansas City on February 3, 1940; and that the ten days, fixed by the order, ran from and after February 3, 1940, rather than the date of the order. In this contention, appellant relies on Sec. 5601, R. S. 1939, Mo. Stat. Ann., sec. 5145, p. 6552. This section, among other things, provides that, ''Every order of the commission shall be served upon every person or corporation to be affected thereby, either by personal delivery of a certified copy thereof, or by mailing a certified copy thereof, in a sealed package with postage prepaid (et cetera) . . . Every order or decision of the commission shall of its own force take effect and become operative thirty days after the service thereof, except as otherwise provided, . . .''

Appellant concedes that the commission may fix a reasonable time in lieu of the said thirty day period, but claims that the time runs from the receipt of the certified copy of the order, if service thereof is "by mailing a certified copy," and not from the date of the mailing of the copy. We cannot agree. The statute provides that service may be had "either by personal delivery . . . or by mailing." We think the statute made the "mailing," as directed under the terms of the statute, service, and that the date of service was the date of mailing. [Griffin v. Board of County Commissioners of Walworth County, 20 S. D. 142, 104 N. W. 1117, 1119.] There is no contention that a reasonable time did not intervene after the receipt of a copy of the order and its effective date.

Appellant finally contends that the respondent has raised a technical point; that the statute is indefinite and uncertain; that no one will be hurt or harm done by a judicial review of the order; that the commission, in fact, accepted, received and filed the motion for a rehearing and passed upon it in due course; and that appellant is entitled to have the matter reviewed by the circuit court. It is to be regretted that appellant will not be able to have the order reviewed, as it desires, but that result is not due to a mere technicality. Instead it is due to appellant's failure to comply with the statute, supra. Perhaps, at one time, the statute might have been considered to be indefinite and uncertain, but after this court, on August 12, 1933, placed a definite construction upon it the matter was no longer in doubt. We are constrained to believe that the request for a reexamination of that opinion is based more upon appellant's present necessities than upon any lack of soundness of the opinion.

We think the respondent, by its motion to quash the writ of certiorari, properly presented a question of law to the circuit court. If the motion for rehearing was not timely filed, the order and decision of the commission became final and conclusive and was not reviewable by the circuit court. It was immaterial that the secretary of the commission may have received and filed the motion for rehearing out of time, or that the commission may have ruled the motion upon its merits. The motion to quash raised the question of the court's jurisdiction to review the commission's order. The record, brought up by the return, showed upon its face that the motion for rehearing was not timely filed. There was no dispute as to the date of the order or as to the date upon which the application was made to the commission for a rehearing. Since upon the face of the record the order of the commission had become final, appellant was not entitled to have the record reviewed on certiorari in the circuit court. The basis for jurisdiction to review did not exist. The trial court did not err in ruling the motion. [State ex rel. Kansas City, Independence & Fairmount Stage Lines Co. v. Public Service Commission, supra;

790

State ex rel. Toedebusch v. Public Service Commission, supra;
State ex rel. Case v. Seehorn, 283 Mo. 508, 522, 223 S. W. 664, 668.]
The judgment is affirmed. *Hyde* and *Bradley, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.