CITY OF KNOXVILLE

*v.*

LULA M. ROACH.

(*Knoxville,* September Term, 1958.)

Opinion filed December 12, 1958.

THOMAS W. THOMSON and CREEKMORE, BUHL & THOMSON, Knoxville, for appellant.

JOHN J. DUNCAN and G. W. MORTON, JR., Knoxville, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The question here is from what event does the time for the property owner's appeal from the ordinance method of condemnation begin to run.

The ultimate issue is what constitutes the order of a municipality or of its administrative officers within the meaning of:

1. T.C.A. sec. 6-1009 which provides that "the administrative officer or officers of such municipality may order the owner of the land condemned to open the street * * * and fifteen (15) days after the date of said order such municipality may open and take possession of the same."

2. T.C.A. sec. 6-1010 which provides a penalty for the property owner if he refuses to deliver possession "within fifteen (15) days after the order of the administrative officer or officers of such municipality * * *"

3. T.C.A. sec. 6-1011 which gives the property owner twenty days to appeal "after the administrative officer or officers of such municipality have ordered the same to be opened and possession delivered."

This is a condemnation proceeding to condemn certain property in the City of Knoxville.

On September 3, 1957, the council of the City of Knoxville passed an ordinance to condemn and take title to certain property of the defendant for the Burlington expressway, a street purpose. Condemnation commissioners duly appointed by said ordinance caused to be served upon defendant September 12, 1957, by a city police officer, written notice of their purpose to be upon her property September 18, 1957, to ascertain the value and damages and invited her to meet with them on the occasion to furnish information about her property.

The commissioners' report dated and filed September 20, 1957, made a total award of $943 which was confirmed and accepted by City Council, September 24, 1957.

On September 26, 1957, the Director of Public Service with the approval of the Mayor sent a written notice to defendant informing her of the award that was available for her at the office of the City Recorder and notifying her that, if dissatisfied with the award, "you have twenty (20) days after date of this notice to perfect any appeal to the Circuit Court," and directing the defendant to give the city possession of the property condemned. That notice had been prepared by the Director of Public Service on or before September 26, 1957, was deposited in the United States mail on September 26th or 27th, 1957, and was received by the owner September 28, 1957.

The defendant owner, by her attorney's letter dated and received by plaintiff October 18, 1957, addressed jointly to the Mayor, Director of Public Service and the Recorder gave notice of appeal from the action of the City Council confirming the commissioners' award. October 18, 1957, was the twentieth day following September

28, 1957, the day on which the defendant received notice from the director.

It is defendant's insistence that the twenty day period of limitation ran from September 28, 1957, when the owner received notice and that her notice of appeal dated October 18, 1957, was within the twenty days legal limitation. The plaintiff city has moved to dismiss the appeal, which motion was sustained by the trial judge because it was not filed within twenty day period specified by T.C.A. sec. 6-1011.

It is the city's insistence that the period of limitation began to run on the date the order was made by the Director of Public Service which appears to be on or before September 26, 1957.

T.C.A. sec. 6-1011 is as follows:

"Appeal from order opening street. — Any owner aggrieved by such opening of the street, alley, etc., may appeal to the circuit court within twenty (20) days after the administrative officer or officers of such municipality have ordered the same to be opened and possession delivered; provided, that any such appeal shall not operate to prevent the municipality from taking possession of the land condemned, nor stay the opening or extension of any such street, alley or other improvement."

It should be borne in mind that the defendant had personal service of process; that her land would be condemned and a value was placed upon the property and the order of condemnation completed.

We think the statute contemplates that the twenty days shall begin to run from the officers ordering the opening

and delivery which means and includes not only the making of his order but also the putting of that order into the channels of communication with the owner, who is under legal duty thereafter, to protect his right of appeal to circuit court within the twenty days therefrom if he desires to pursue that remedy.

The controlling date is when the administrative officers make the order.

It should be borne in mind that the twenty days allowed for appeal comes after the administrative officer or officers of such municipality have ordered the same to be opened and possession delivered.

We seem to have no Tennessee case in point, however, in accord with this conclusion is the cases of *American Fruit Growers, Inc. v. Louis D. Goldstein Fruit & Produce Corp.*, D.C., 78 F.Supp. 309; *State ex rel. Alton R. Co. v. Public Service Commission,* 1941, 348 Mo. 780, 155 S.W.2d 149.

The language of T.C.A. sec. 6-1009 clearly states the time begins to run from the date of the order.

This being our view it results that the judgment of the lower court will be affirmed.