## ORDER

v.

### ORDER

Charles A. HARTER, Appellant,

v.

**MISSOURI PUBLIC SERVICE COMMISSION, Respondent.**

No. WD 73913.

Missouri Court of Appeals, Western District.

Dec. 6, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 2012.

Application for Transfer Denied April 3, 2012.

granting the Missouri Public Service Commission's ("PSC") Motion to Dismiss, with prejudice, on the grounds that Harter's Motion for Rehearing was untimely filed and that he was not entitled to judicial review. We affirm.

## Factual and Procedural Background

Harter, an attorney, filed a complaint with the PSC regarding his billing disputes with Laclede Gas Company, a gas corporation and public utility subject to the PSC's jurisdiction. The PSC held an evidentiary hearing on the underlying complaint on July 8, 2010. On November 3, 2010, the PSC entered its Report and Order, finding that Harter "failed to show that Laclede Gas Company has violated any law or Commission rule or order." The PSC ordered that "[t]his Report and Order shall become effective on November 13, 2010," and ordered the case closed on November 14, 2010. Harter filed an Application for Rehearing on November 15, 2010. On December 1, 2010, the PSC issued its Order Denying Application for Rehearing, finding that Harter's application was untimely because it was not filed before the effective date of the Order as required by section 386.500.2.[1]

On January 3, 2011, Harter filed an Application for Writ of Review, pursuant to section 386.510, in the trial court. The trial court issued a Writ of Review on February 10, 2011. On February 23, 2011, the PSC filed its Motion to Dismiss Petition for Writ of Review, asserting that Harter's application for rehearing was not timely filed with the PSC as required by section 386.500.2, and therefore, the basis for jurisdiction[2] for the trial court's review

Charles A. Harter, St. Louis, MO, Appellant, pro se.

Shelley Brueggemann, Jefferson City, MO, for Respondent.

Before Division II: MARK D. PFEIFFER, Presiding Judge, and JOSEPH M. ELLIS and VICTOR C. HOWARD, Judges.

MARK D. PFEIFFER, Presiding Judge.

Charles A. Harter ("Harter") appeals from the Judgment of the Circuit Court of Cole County, Missouri ("trial court"),

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. In *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the Missouri

Supreme Court held that "Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction." *Id.* at 252. The Court described the breadth of a circuit court's subject matter jurisdiction

pursuant to section 386.510 did not exist. On March 30, 2011, the trial court entered its Judgment sustaining the PSC's Motion to Dismiss and dismissing Harter's petition for writ of review with prejudice. Harter appeals.

## Standard of Review

Appellate courts normally review the decision of the administrative agency, not the circuit court. *State ex rel. Office of Pub. Counsel v. Pub. Serv. Comm'n*, 326 S.W.3d 868, 871 (Mo.App. W.D.2010) (citing *State Bd. of Registration for the Healing Arts v. McDonagh*, 123 S.W.3d 146, 152 (Mo. banc 2003)). However, in this case we are reviewing the trial court's dismissal of Harter's petition for writ of review, not the merits of the underlying PSC Report and Order. *Id.* The trial court's determination—that Harter's untimely filing with the PSC of his Motion for Rehearing deprived the trial court of the authority to entertain Harter's Petition for Writ of Review—is a question of law that we review *de novo. Id.* at 872.

## Analysis

The essence of Harter's appeal is his assertion that the trial court erroneously applied the law in granting the PSC's Mo-

tion to Dismiss on the grounds that his Application for Rehearing was not timely filed with the PSC, and therefore, he was not entitled to judicial review. He contends that: (i) the provisions of section 386.490 precluded the PSC from shortening the statutory thirty-day effective date for its order to deny him a rehearing; (ii) Rule 44.01 [3] applies to extend the filing deadline; (iii) the Missouri Administrative Procedures Act ("MAPA") supersedes case law interpreting the PSC statute; and (iv) he was denied due process. Although Harter raises only one Point on appeal, the PSC has responded by dividing the Point into four parts. We frame our analysis accordingly.

## Statutory Authority to Review Untimely Application for Rehearing

Harter first argues that the provisions of section 386.490 precluded the PSC from shortening the statutory thirty-day time period in which orders of the PSC take effect and become operative. Section 386.490.3 provides that "[e]very order or decision of the [PSC] shall of its own force take effect and become operative thirty days [4] after the service thereof, *except as otherwise provided.*" (Emphasis added.)

---

contained in article V, section 14 of the Missouri Constitution as " 'original jurisdiction over all cases and matters, civil and criminal.' " *Id.* at 253. As this is a civil case, "[t]he circuit court [had] subject matter jurisdiction and, thus [had] the authority to hear this dispute." *Id.* at 254. However, *Webb* noted that when a statute can be read in jurisdictional terms, "it is proper to read it as merely setting statutory limits on remedies or elements of claims for relief that courts may grant." *Id.* at 255. The Missouri Supreme Court has clarified the confusion between the concept of a circuit court's jurisdiction, which is a matter determined under Missouri's constitution, with the "separate issue of the circuit court's *statutory or common law authority* to grant relief in a particular case." *McCracken v. Wal–Mart Stores E., L.P.,* 298

S.W.3d 473, 477 (Mo. banc 2009). Thus, the trial court had jurisdiction to make its determination—"Petitioner did not file his motion for rehearing prior to the effective date of the Commission's order. He is not entitled to seek judicial review."—based on the legal conclusion that section 386.510 deprived it of the *authority* to entertain Harter's petition for writ of review. We note that in its brief, the PSC correctly frames its response to Harter's appeal in terms of "statutory authority" rather than "jurisdiction."

3. All rule references are to I MISSOURI COURT RULES—State (2011).

4. Though we are compelled to affirm in this case, we are not favorably impressed by the decision of the PSC to shorten the statutory

The statutory procedure for circuit court review of a PSC order or decision is set forth in sections 386.500 and 386.510. *State ex rel. Office of Pub. Counsel,* 326 S.W.3d at 872. After an order or decision has been made by the PSC, interested parties have the right to apply to the PSC for a rehearing. § 386.500.1. However, the timing of the application is crucial to the accrual of an action for judicial review of such order or decision.

Section 386.500.2 specifically states that "[n]o cause or action arising out of any order or decision of the [PSC] shall accrue in any court to any ... person ... unless that party shall have made, *before the effective date of such order or decision,* application to the [PSC] for a rehearing." (Emphasis added.) An application for rehearing is a prerequisite to a party instituting the exclusive procedure for review of a PSC order or decision by a circuit court. § 386.515, RSMo Cum.Supp.2010. "If the motion for rehearing [is] not timely filed [*before* the effective date of the order], the order and decision of the [PSC] [becomes] final and conclusive and [is] not reviewable by the circuit court." *State ex rel. Alton R.R. Co. v. Pub. Serv. Comm'n,* 348 Mo. 780, 155 S.W.2d 149, 154 (1941).

In this case, the PSC fixed the effective date of its Report and Order on Saturday, November 13, 2010. Thus, Harter's application for rehearing was due on or before Friday, November 12, 2010. Instead, Harter filed his application on Monday, November 15, 2010, two days after the effective date of the Report and Order. Accordingly, no cause of action accrued for judicial review.

Since, upon the face of the record, the order of the PSC had become final before Harter filed his application for rehearing, Harter was not entitled to have the record reviewed on writ of review in the circuit court. *Id.*

## Inapplicability of Rule 44.01

■ Harter also asserts that the trial court erroneously concluded that he did not file his Application for Rehearing prior to its effective date because Rule 44.01(a) applies to compute the time limit to file an application for rehearing. We disagree.

Rule 44.01(a) provides that in computing any time period prescribed by rules, court order, or statute, the day of the event after which the designated period of time begins to run is not included and the last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday. However, Rule 41.01 specifically states that Rules 41 through 101 govern civil actions already filed and pending in a court. "The Rules of Civil Procedure, Rules 41 through 101, by their terms do not apply to proceedings in administrative agencies." *Hammond v. Mun. Corr. Inst.,* 117 S.W.3d 130, 139 (Mo.App. W.D.2003). *See R.B. Indus., Inc. v. Goldberg,* 601 S.W.2d 5, 6 (Mo. banc 1980).

thirty-day time period (before the order becomes effective) to a ten-day time period. The PSC does not articulate any exigent circumstance that necessitated shortening the time for the effective date of its order—creating an effective date for an order that occurs on a Saturday—and ordering that the file be closed on a Sunday. The fact that it took six months from the time the case was filed until it was heard, and then another four months from the date of hearing to the date of the order would appear to belie the existence of any such exigency. We hope that the PSC will give serious consideration to future decisions to shorten the section 386.490.3 thirty-day time frame when there does not appear to be any reason of exigency that requires such a time reduction nor any reason for declaring an effective date that falls on a weekend, particularly in cases filed by individual ratepayers involving billing disputes and service termination issues.

Furthermore, Rule 44.01(a) is not applicable to this case because section 386.500.2 does not require a computation of time; "[i]nstead, the statute requires the application for rehearing to be made to the [PSC] *'before the effective date'* of the order, that is, prior to, in advance of, and previous to the effective date of the order."[5] *State ex rel. Alton R.R. Co.*, 155 S.W.2d at 154 (emphasis added). The time for applying for rehearing is to be determined with reference to the *effective date* of the order or decision, not from the date when the decision was made. *Id.* at 153. The statute does not "fix[ ] a certain period, as so many days, after the making of the order or decision, within which the application for rehearing should be made." *Id.* The Missouri Supreme Court has interpreted this statutory language and concluded that:

> The word "before," as used here, has a definite meaning and needs no statutory definition.... "[W]ords and phrases shall be taken in their plain or ordinary and usual sense." We think that the word "before," as used in this statute ... meant preceding in point of time the "effective date" of the order, that is, earlier than, or previously to a certain event, to-wit, the time the order would otherwise become effective.

*Id.*

In this case, Harter's Application for Rehearing was due on Friday, November 12, 2010, in order to be timely filed *before the effective date* of Saturday, November 13, 2010. Harter filed his application on Monday, November 15, 2010, two days after the effective date of the Report and Order. Accordingly, Harter's application was not timely filed, and the PSC properly denied his application for rehearing on that basis. "[B]y reason of such failure to make such application for rehearing before the effective date of said order the same became final and conclusive and cannot be reviewed nor set aside by any court and no cause or action accrued in this Court," irrespective of the filing of a petition for writ of review. *Id.* at 151.

## PSC's Authority to Set Effective Date of Order

■ Section 386.490.3 states that an order of the PSC "shall of its own force take effect and become operative thirty days after the service thereof, *except as otherwise provided.*" (Emphasis added.) Harter contends that under section 386.490.3, the PSC's order or decision becomes operative thirty days after service thereof, and the language in the statute—"except as otherwise provided"—does not give the PSC the authority to fix a shorter period of time.

The issue raised by Harter was resolved by the Missouri Supreme Court in 1933. The court held that:

> [T]he phrase "except as otherwise provided" means as may be otherwise provided or ordered by the commission.... Many orders which the commission is required to make from time to time are such that they can reasonably and properly be made effective in less than thirty days from the time they are made.... The commission is given broad powers and large discretion.[6] We think it would

5. Harter refers to the PSC rule regarding Computation of Time, 4 CSR 240–2.050(2) (2011), as being "polar opposite" to Rule 44.01. In fact, 4 CSR 240–2.050(1) and (3) mirror, with minor differences specific to the PSC, Rule 44.01(a) and (b). 4 CSR 240–2.050(2) prescribes that an "order is considered effective at 12:00 a.m. on the effective date designated in the order."

6. So large is the discretion given the PSC under this binding case precedent from our Supreme Court that there really is no meaningful review left of the "reasonableness" of

not be in keeping with the evident purpose of the Public Service Commission Law to hold that it prohibits the commission from making an order effective in less than thirty days, and no provision of the law has been called to our attention that in our judgment requires such holding.

It is our conclusion that the commission had authority to make the order in question effective ten days after its date; that the effective date of the order, within the meaning of the statute, was May 5; and that the application for rehearing, not having been made before that date, came too late.

*State ex rel. Kansas City, Independence & Fairmount Stage Lines Co. v. Pub. Serv. Comm'n*, 333 Mo. 544, 63 S.W.2d 88, 93 (1933).

In *State ex rel. Alton Railroad Co.*, 155 S.W.2d at 154, the PSC's order stated that it would take effect ten days after the date of the order, and the Missouri Supreme Court ratified the reasonableness of the ten-day time frame, holding that the PSC "may fix a reasonable time in lieu of the said 30–day period." The Missouri Supreme Court has more recently pointed out that "[t]he law specifies 30 days for applying for rehearing but allows the PSC the discretion to set a shorter time as long as the time is reasonable." *State ex rel. Office of Pub. Counsel v. Pub. Serv. Comm'n*, 236 S.W.3d 632, 637 (Mo. banc 2007) (finding that one-hour-and-twenty-minute deadline after issuance of order was unreasonable and effectively eliminated any meaningful opportunity for party to apply for rehearing and to seek review, a remedy to which it is statutorily entitled).

The PSC recited in its order in this case that the order would become effective on a date certain—November 13, 2010—which was ten days after the date of the PSC Report and Order. Pursuant to the foregoing precedent interpreting the relevant statutory framework, the PSC had the authority to do so, and ten days was not an unreasonable deadline.

### Due Process

 Finally, Harter argues that the PSC's shortening of the effective date of its order to ten days (thereby shortening the time he had to file his application for rehearing, which is a prerequisite to judicial review) denied him due process. "Due process requires notice and a hearing; moreover, the adequacy of the notice and the hearing must be evaluated in the context of the specific procedure at issue, in this case, an administrative proceeding." *State ex rel. Mo. Pipeline Co. v. Mo. Pub. Serv. Comm'n*, 307 S.W.3d 162, 174 (Mo. App. W.D.2009). In an administrative proceeding:

"[D]ue process is provided by affording parties the opportunity to be heard in a meaningful manner. The parties must have knowledge of the claims of his or her opponent, [and] have a full opportunity to be heard, and to defend, enforce and protect his or her rights."

*Id.* (quoting *Weinbaum v. Chick*, 223 S.W.3d 911, 913 (Mo.App. S.D.2007)).

The PSC held an evidentiary hearing on Harter's underlying complaint before entering its Report and Order. Section 386.490's purpose is to allow affected parties the opportunity to request rehearing and review of the PSC's orders in accor-

the decision to shorten the time period in the first place—and rather, the only "reasonableness" analysis pertains to the reasonable amount of time in lieu of the statutory thirty-day time period. Perhaps this is what the

Missouri General Assembly intended when it enacted section 386.490.3. If not, it is the prerogative of the General Assembly to decide whether it wishes to clarify anything further in the statute.

dance with the provisions of section 386.500 (Rehearing before commission) and section 386.510 (Review by circuit court). *State ex rel. City of Springfield v. Pub. Serv. Comm'n*, 812 S.W.2d 827, 834 (Mo.App. W.D.1991). "As we have pointed out, the statute provides for a review of the [PSC's] order or decision by the circuit court, requiring first the filing before the [PSC], within a limited time, of a motion for rehearing, then, again within a limited time, for the suing out of a writ of review, prescribing the court by which such writ may be issued." *State ex rel. Anderson Motor Serv. Co. v. Pub. Serv. Comm'n*, 339 Mo. 469, 97 S.W.2d 116, 119 (Mo. banc 1936). We find that the constitutional requirements of due process are satisfied by the statutory framework. It was Harter's failure to meet the deadline for requesting rehearing with the PSC and not any insufficiency in the statutory procedure that resulted in his inability to obtain administrative rehearing or judicial review of the PSC's decision.[7]

"The PSC's authority and the procedures it follows are set out principally in chapter 386." *State ex rel. Praxair, Inc. v. Mo. Pub. Serv. Comm'n*, 344 S.W.3d 178, 184 (Mo. banc 2011). The PSC has also adopted and prescribed numerous rules governing its operations, as set forth in 4 CSR 240–2.010 to 240–126.020. "To the extent that there are matters not addressed by the PSC statutes and the administrative rules adopted by the PSC pursuant to section 386.410," the MAPA " 'operates to fill gaps not addressed within the PSC statutes.' " *State ex rel. Praxair*, 344 S.W.3d at 184 (quoting *State ex rel. A & G Commercial Trucking v. Dir. of the Manufactured Hous. & Modular Units*

*Program of the Pub. Serv. Comm'n*, 168 S.W.3d 680, 682–83 (Mo.App. W.D.2005)). Harter contends that the PSC's shortening of the effective date of its order from thirty days to ten days was a rule by operation of section 536.010(6), RSMo Cum.Supp.2010, and was invalid under section 536.014 of MAPA and under the PSC rule at 4 CSR 240–2.160(1), which provides that "[a]pplications for rehearing may be filed pursuant to statute."

However, under section 386.490.3, the PSC may fix a reasonable time in lieu of the thirty-day period for its orders to become effective. The PSC exercises that discretion on a case-by-case basis, with the proviso that the reduction in time from thirty days be reasonable. There is no gap in section 386.490.3 to fill with a rule under Chapter 536. Furthermore, "the PSC statutes contain a specific judicial review provision, [s]ection 386.510, RSMo, that supersedes the judicial review provisions within MAPA." *State ex rel. A & G Commercial Trucking*, 168 S.W.3d at 683. "Where a specific statute exists concerning judicial review of administrative procedures, it is to be followed exclusive of the general provisions for judicial review of administrative decisions found in Chapter 536." *Hundley v. Wenzel*, 59 S.W.3d 1, 4–5 (Mo.App. W.D.2001).

### Conclusion

Because Harter did not apply to the PSC for a rehearing before the effective date of the PSC's Report and Order, the trial court did not have statutory authority to review the PSC's Report and Order and properly dismissed Harter's Petition for

---

**7.** To be clear, Harter does not argue that he did not actually receive notice in a timely fashion such that he was not capable of filing his application for rehearing with the PSC on or before November 12, 2010. Rather, Har-

ter claims—as a matter of law—that he should not have been *required* to file his application for rehearing on or before November 12, 2010.

Writ of Review with prejudice. The Judgment of the trial court is affirmed.

JOSEPH M. ELLIS and VICTOR C. HOWARD, Judges, concur.