**STATE ex rel. OFFICE OF THE PUBLIC COUNSEL,**
**Relator,**

v.

**THE PUBLIC SERVICE COMMIS-SION OF THE STATE of Missouri, et al., Respondents.**

No. SC 88390.

Supreme Court of Missouri,
En Banc.

Oct. 30, 2007.

Lewis R. Mills, Jr., Michael F. Dandino, Christina Baker, Jefferson City, MO, for Appellant.

Kevin A. Thompson, Dennis L. Frey, Jefferson City, MO, for Respondent.

James C. Swearengen, Diana C. Carter, Dean L. Cooper, Janet E. Wheeler, Russell L. Mitten, Jefferson City, Mo, for Intervenor-Respondent Empire District Electric Co. and Aquila Networks - D. Carter only).

David L. Woodsmall, Jefferson City, Stuart W. Conrad, Kansas City, MO, for Intervenor-Respondent Explorer Pipeline & Praxair, Inc.

James M. Fischer, Jefferson City, Curtis D. Blanc, William G. Riggins, Kansas City, MO, for Intervenor-Respondent K. C. Power & Light Co.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shelley A. Woods, Asst. Atty. Gen., Jefferson City, MO, for Intervenor-Respondent MO Department of Natural Resources.

MICHAEL A. WOLFF, Judge.

### Introduction

Office of Public Counsel represents the public in all proceedings, including cases involving utility rates, before the Public Service Commission and on review by the courts. When the PSC approves a tariff for new utility rates, public counsel, if it wishes to exercise its right to review, must file an application for rehearing before the new rates take effect.

In this case, the timing of the PSC order approving higher electric rates for Empire District Electric Company allowed public counsel one hour and 20 minutes to file its application for rehearing.

The law requires that a "reasonable" time be allowed for filing an application for rehearing, so the question in this writ proceeding comes to this:

Is one hour and 20 minutes reasonable?

### The PSC Proceedings

Empire, a public utility and electrical corporation authorized under section 386.020(15),[1] filed a petition with the PSC on February 1, 2006, proposing new tariffs that would have resulted in a ten percent increase in consumer electricity rates.

The PSC issued a report and order on December 21, 2006, rejecting Empire's proposed tariffs and directing the company to file tariffs conforming to the substantive rulings in the report and order. Empire filed a new tariff proposal on December 27, 2006 and then withdrew that proposal the following day. Later on December 28, Empire filed a new tariff proposal to replace the withdrawn proposal, along with a request that the PSC expedite approval so that Empire could put the new rates into effect by January 1, 2007.

On December 28, 2006, public counsel filed an objection to Empire's proposed tariffs, arguing that the tariffs did not conform to the requirements of the December 21 report and order. Further, public counsel asserted that there was no need for expediting approval, since there was no local requirement that the new tariffs be put into effect by January 1, 2007. In an order issued on Friday, December 29, 2006, at 3:40 p.m., the PSC approved Empire's proposed tariffs and made the rates effective as of the following Monday, January 1, 2007.

The PSC has two filing mechanisms: electronic and paper. The electronic filing system time-stamps all filings made after regular business hours, considered any time after 5 p.m. on weekdays,[2] with the date of the next business day. See 4 CSR 240–2.045.2. Paper filings that are received by the commission's records room after 4 p.m. are stamped as "filed" on the next business day. See 4 CSR 240–2.080.11. The PSC's records room closes by 5 p.m. and is not open on weekends. State offices were closed for New Year's Day, and so any electronic filing made after 5 p.m. or paper filing made after 4 p.m. on Friday, December 29 would have been stamped as filed on Tuesday, January 2,

---

**1.** All statutory references to RSMo 2000.

**2.** The language of 4 CSR 240–2.045.2 does not specify what is meant by the rule's reference to the "business day," but the parties do not dispute that 5 p.m. signifies the conclusion of the PSC's business day.

2007, one day after the proposed rates under the tariffs would have gone into effect.

Public counsel maintains that the tariffs put into effect by the December 29 PSC order are not in compliance with the December 21 report and order. Because public counsel received the tariffs order at 3:40 p.m. on December 29, the last business day before the January 1 effective date, the December 29 order left public counsel with, at most, one hour and 20 minutes in which to file an application for rehearing.

Public counsel filed a petition for writ of mandamus with the court of appeals on January 4, 2007. The court of appeals denied the writ without opinion. Public counsel then filed its petition for a writ of mandamus from this Court to direct the PSC to vacate and rescind its December 29, 2006 order and, further, to direct the PSC to provide an effective date for any subsequent tariff approval orders that allows public counsel at least ten days to prepare and file an application for rehearing. This Court issued its alternative (i.e., preliminary) writ of mandamus May 1, 2007, which the Court now makes peremptory (i.e., final, absolute).

## Standard of Review

■ Although the writ of mandamus will not ordinarily issue to control the discretion of an administrative body such as the PSC, an "exception to the general rule is recognized where the administrative board (or court) has acted unlawfully or wholly outside its jurisdiction or authority or has exceeded its jurisdiction, and also where it has abused whatever discretion may have been vested in it." *State ex rel. Keystone Laundry & Dry Cleaners, Inc. v. McDonnell*, 426 S.W.2d 11, 14 (Mo.1968). The writ of mandamus is issued "to compel the performance of a ministerial duty that one charged with the duty has refused to perform." *Furlong Companies v. City of Kansas City*, 189 S.W.3d 157, 165–66 (Mo. banc 2006) (citing *State ex rel. Phillip v. Public School Retirement System*, 364 Mo. 395, 262 S.W.2d 569, 574 (1953)). "A litigant asking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed." *Id.* at 166. Section 386.500.1 mandates that public counsel and any other interested parties have a "right to apply for a rehearing." Given public counsel's statutorily guaranteed right to apply for rehearing, mandamus is appropriate if that right has been unlawfully foreclosed.[3]

■ This Court has the authority to issue a writ in this case. Article V, section 4, subsection 1 of the Missouri Constitution provides that "[t]he supreme court

3. It should be noted that the question before this Court is *not* whether or not the December 29, 2006 order meets the two-prong test described in *State ex rel. Utility Consumers Council of Missouri v. Public Service Commission*, 585 S.W.2d 41, 47. In *Utility Consumers*, the Court evaluated the substance of a PSC order on a writ of review, finding that on "appeal, our role is to determine whether the commission's report and order was lawful and, if so, whether it was reasonable." This analysis invokes the language of section 386.510, which provides for review of PSC orders by a circuit court "for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined." This review takes place "within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing." Section 386.510. This standard of review does not apply in the present case, because an application for rehearing was never filed. Here, the court does not examine the lawfulness and reasonableness of the substance of the December 29, 2006 order, but rather, whether the timing of its issuance foreclosed the possibility of rehearing.

shall have general superintending control over all courts and tribunals. Each district of the court of appeals shall have general superintending control over all courts and tribunals in its jurisdiction. The supreme court and districts of the court of appeals may issue and determine original remedial writs." This constitutional provision invests this Court with jurisdiction to issue extraordinary writs against the PSC. *State of Missouri ex rel. A & G Commercial Trucking, Inc. v. Director of the Manufactured Housing, et al.*, 168 S.W.3d 680, 683 (Mo.App.2005). This constitutional provision includes administrative bodies such as the PSC. *Id.*

### Applying the law

The statutory review process for a PSC order, set forth in sections 386.500 and 386.510, begins with an application for rehearing that must be filed *before the effective date* of the order or decision being appealed. Section 386.500.2.[4]

■ To meet the requirements of section 386.500.2, public counsel would have had to file its application for rehearing by 5 p.m. on December 29, 2006, one hour and 20 minutes after it received the order at 3:40 p.m.

This Court has previously upheld a lower court's conclusion that—to make the right to rehearing meaningful—applicants must be given a *reasonable period of time* in which to file their petitions. *State ex rel. St. Louis County v. Public Service Comm'n*, 360 Mo. 270, 228 S.W.2d 1, 2 (1950). There this Court upheld a circuit court's conclusion that a PSC report and order "had no validity ... because those interested were not allowed reasonable time to file motions for rehearing directed

to the Report and Order...." *Id.* Under section 386.500.2, the applicant is prohibited from seeking rehearing on any grounds not included in its application, which means that rehearing applications must be thorough or the applicant will waive any grounds omitted from the rehearing petition. To ask public counsel to analyze an order, formulate responses and objections to that order, and draft and file a complete petition in a scant hour and 20 minutes hardly satisfies the requirement of "reasonableness."

Section 386.490.3 says an order of the PSC shall "become operative thirty days after the service thereof, except as otherwise provided." In *State ex rel. Alton Railroad Co. v. Public Service Co.*, 348 Mo. 780, 155 S.W.2d 149, 154 (Mo.1941), the Court held that the PSC "may fix a reasonable time in lieu of the said thirty day period." Here, the PSC set an effective deadline—not thirty days (or 720 hours)—but one hour 20 minutes after the issuance of its tariffs order. Even in this age of word processors, the PSC effectively eliminated any meaningful opportunity for public counsel to apply for rehearing, and, thus, to seek review, a remedy to which it is statutorily entitled.

The PSC argues that mandamus is not appropriate given the availability of the complaint process as an alternative means of redress. The remedy of filing a complaint, pursuant to section 386.390, does not address public counsel's concerns in the present case. The adjudication of complaints and the nature of the relief granted, if any, are within the PSC's discretion. There is no guarantee that filing

---

4. Section 386.500.2 says: "No cause or action arising out of any order or decision of the commission shall accrue in any court to any corporation or the public counsel or person

or public utility unless that party shall have made, before the effective date of such order or decision, application to the commission for a rehearing."

a complaint would be the equivalent of an application for rehearing.

In the alternative, the PSC argues that public counsel could simply have sought a waiver of the PSC's filing rules under 4 CSR 240–2.015, which allows for waiver of filing rules on a determination of "good cause" by the PSC. The PSC contends that, on application by public counsel, the after-hours time-stamping procedures governed by 4 CSR 240–2.045(2) and 4 CSR 240–2.080(11) could have been waived, and public counsel could have filed an application for rehearing that would have been time-stamped on Friday evening, Saturday or Sunday, prior to the effective date of the tariff order. This suggestion is flawed. As with the complaint process, the determination of the "good cause" for a waiver rests with the PSC, and so an application for waiver provides no assurance of the enforcement of public counsel's statutorily protected right to petition for rehearing. The application for waiver would have to have been filed in the same brief period of time as the application for rehearing, immediately before the PSC closed for a three-day holiday. That waiver application may well not have been reviewed by the PSC prior to the office's reopening on January 2nd, by which time the waiver would have become useless.

Public counsel does not have to seek a waiver or file a complaint when the opportunity to apply for rehearing should be reasonably available as the law provides. Requiring public counsel to file an application for rehearing during or on the day following the holiday weekend would, itself, not give public counsel a reasonable time in which to seek rehearing.

## Conclusion

The law specifies 30 days for applying for rehearing but allows the PSC the discretion to set a shorter time as long as the time is reasonable. By issuing the December 29 order with an effective date of January 1, 2007, the PSC abused its discretion to provide public counsel with a reasonable period of time in which to appeal the order.

This Court makes peremptory its alternative writ of mandamus, requiring the PSC to vacate its order granting expedited treatment and approving tariffs issued on December 29, 2006, and allow public counsel reasonable time to prepare and file an application for rehearing on the tariffs.

LAURA DENVIR STITH, C.J., PRICE, TEITELMAN, LIMBAUGH and RUSSELL, JJ., and GRADY, Sp.J., concur. BRECKENRIDGE, J., not participating.