**STATE of Missouri ex rel., OFFICE OF the PUBLIC COUNSEL, Relator,**

v.

**PUBLIC SERVICE COMMISSION OF the STATE of Missouri, a state agency, and its members Kevin Gunn, Terry Jarrett, Robert Kenney, Stephen Stoll and William Kenney, in their official capacity, Respondents.**

No. WD 76079.

Missouri Court of Appeals, Western District.

Sept. 10, 2013.

---

Lewis Robinson, for Relator.

Jennifer Leigh Heintz, for Respondents.

Before Special Writ Division: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Presiding Judge.

Office of Public Counsel ("the OPC") has petitioned this Court for a writ of mandamus ordering the Public Service Commission ("the PSC") to vacate an order issued with an effective date three days later and to allow the OPC a reasonable time in which to file an application for rehearing in any subsequently issued order. For the following reasons, we make peremptory our preliminary writ of mandamus.

The PSC is responsible for the regulation of public utilities, including electric companies, within the State of Missouri under Chapters 386 and 393, RSMo. The OPC is an agency of the State of Missouri charged with representing utility consumers in cases before the PSC and on appeal of PSC orders. *§§ 386.700, 386.710.*[1] The OPC has "the right to appeal any and all orders of the public service commission to the courts." *§ 386.710.3.*

Kansas City Power & Light Company ("KCP & L") and KCP & L Greater Missouri Operations Company ("GMO") are electrical companies as defined by § 386.020(15) and public utilities as defined by § 386.020(42), providing electrical service to customers within the State of Missouri. Accordingly, the PSC has jurisdiction to regulate KCP & L and GMO's services, rates, and activities.

On February 27, 2012, KCP & L and GMO filed tariffs seeking revenue increases on their retail electrical services with an effective date of March 28, 2012. The following day, the PSC issued its order suspending those tariffs until January 26, 2013, thereby initiating contested cases, which were consolidated by the PSC. The OPC and a multitude of other parties intervened in the matter.

Following several hearings, on January 9, 2013, the PSC issued a Report and Order rejecting the tariffs filed by KCP & L and GMO. The PSC authorized the companies to file new tariffs by January 16, 2013, that implemented smaller rate increases found by the PSC to be just and reasonable.

KCP & L and GMO filed thirty-five proposed new tariffs on January 16. KCP & L and GMO also filed motions for expedited treatment asking that the PSC provide an effective date for the new tariffs no later than January 26. The OPC subsequently filed a response opposing the motions for expedited treatment. KCP & L and GMO filed "substitute sheets" making some changes to those proposed tariffs on January 18. On January 23, after having received the recommendation of its Staff, the PSC issued its Order Granting Expedited Treatment, Overruling Objection, and Approving Compliance Tariffs, setting January 26 as the effective date for the tariffs. The PSC concluded that the general assembly's stated desire to have tariff matters resolved within eleven months of the initial tariff filing provided good cause for setting an effective date less than 30 days from the issuance its order.

■ Section 386.500.1 grants the OPC and any other interested parties the "right to apply for rehearing." Pursuant to § 386.500.2, applications for rehearing of a PSC order must be filed prior to the effective date of the order, and any issues not

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

raised in a timely filed application for rehearing are not preserved for review by the PSC or in a subsequent appeal from the PSC's order. *State ex rel. Office of Pub. Counsel v. Public Serv. Comm'n,* 236 S.W.3d 632, 636 (Mo. banc 2007). Accordingly, "rehearing applications must be thorough or the applicant will waive any grounds omitted from the rehearing petition." *Id.*

In this case, because the effective date established by the January 23 order was January 26, any application for review was required to be filed on or before 11:59 p.m. on January 25. The OPC did not file a motion for rehearing related to the PSC's January 23 order prior to that deadline.

Subsequent to the passing of the deadline, the OPC filed its Petition for Writ of Mandamus in this Court asking that we direct the PSC to vacate and rescind its January 23 order and, further, direct the PSC to provide an effective date for any new order that provides a reasonably sufficient amount of time for the preparation and filing of a proper application for rehearing. The OPC avers that it wanted to challenge the lawfulness and reasonableness of the tariff approval order of January 23 but was not provided with a reasonable, meaningful opportunity to file an application for rehearing of that order.

Section 386.490.2[2] states that an order of the PSC "shall of its own force take effect and become operative thirty days after the service thereof, except as otherwise provided." "The phrase 'except as otherwise provided' means as may be otherwise provided or ordered by the commission." *Harter v. Missouri Public Serv. Comm'n,* 361 S.W.3d 52, 57 (Mo.App. W.D. 2011) (internal quotation omitted). The PSC is not, however, granted unfettered authority in this regard. The OPC and other interested parties have a statutorily guaranteed right to apply for rehearing, and for that right to be meaningful, an applicant must be given a reasonable period of time in which to file such a motion. *State ex rel. Office of Pub. Counsel,* 236 S.W.3d at 637. Accordingly, the Missouri Supreme Court has held that "[t]he law specifies 30 days for applying for rehearing but allows the PSC the discretion to set a shorter time *as long as the time is reasonable."* *Id.* (emphasis added). Thus, while vested with significant discretion in this regard, the PSC has an unequivocal duty to allow parties a reasonable time in which to file a motion for rehearing. Reasonableness must be assessed on a case-by-case basis. *Harter,* 361 S.W.3d at 59.

Where the PSC has abused its discretion in failing to provide a reasonable time for the filing of a motion for rehearing, this Court has the authority to issue a writ of mandamus compelling the PSC to vacate its order and to allow the parties a reasonable period of time in which to appeal the order. *State ex rel. Office of Pub. Counsel,* 236 S.W.3d at 637. "Mandamus will lie where a court has acted unlawfully or wholly outside its jurisdiction or authority or has exceeded its jurisdiction, and also *where it has abused whatever discretion may have been vested in it."* *State ex rel. Collector of Winchester v. Jamison,* 357 S.W.3d 589, 592 (Mo. banc 2012) (emphasis added). In the case at bar, the OPC has asserted that the PSC abused its discretion in establishing an unreasonable deadline for the filing of an application for rehearing, thereby effectively depriving the OPC of its right to appeal.

*State ex rel. Office of Public Counsel v. Public Service Commission,* 236 S.W.3d

2. RSMo Cum.Supp.2012.

632 (Mo. banc 2007), is directly on point. In that case, an electrical corporation filed proposed tariffs on February 1, 2006, that were later rejected in a report and order of the PSC issued almost eleven months later, on December 21, 2006. *Id.* at 634. In that order, the PSC directed the electrical corporation to file new tariffs that conformed to the substantive rulings contained in the order. *Id.* On December 28, 2006, the electrical corporation filed new tariffs along with a request that the PSC expedite approval and allow the new rates to become effective January 1, 2007. *Id.* On Friday, December 29, 2006, at 3:40 p.m., the PSC entered its order approving the new tariffs and granting the electrical corporation's motion to expedite, setting the effective date as January 1, 2007. *Id.* Because any application for rehearing had to be filed before the effective date of the tariff approval order and because the filing procedures at the PSC in effect at that time did not allow for evening or weekend filing, the deadline for filing an application for rehearing of the PSC's order was 5 p.m. on December 29, 2006, the same day the order was issued. *Id.* The OPC did not file an application for rehearing in the allotted time. *Id.* at 635. Subsequently, on January 4, 2007, the OPC filed a petition for a writ of mandamus with this Court, which was denied. *Id.* The OPC then filed a petition for writ of mandamus with the Missouri Supreme Court. *Id.* In granting that writ, the Supreme Court concluded that "[t]o ask public counsel to analyze an order, formulate responses and objections to that order, and draft and file a complete petition in a scant hour and 20 minutes hardly satisfies the requirement of 'reasonableness.'" *Id.* at 636. The Supreme Court held that the PSC had, therefore, abused its discretion. *Id.* at 637. Furthermore, in addressing the PSC's claim that the OPC could potentially have sought a waiver of the PSC's after hours filing procedures and had an application for rehearing filed as late as Sunday, December 31, officially file stamped prior to the January 1 effective date, the Missouri Supreme Court stated that even "[r]equiring public counsel to file an application for rehearing during or on the day following the holiday weekend [Tuesday, January 2] would, itself, not give public counsel a reasonable time in which to seek rehearing." *Id.* at 637. Having concluded that the PSC had abused its discretion, the Supreme Court entered a writ of mandamus requiring the PSC to vacate its order approving the submitted compliance tariffs and granting expedited treatment and to allow the OPC reasonable time to prepare and file an application for rehearing. *Id.*

■ In its responsive brief, the PSC notes that the OPC did not appeal the report and order of January 9, 2013. It contends that the report and order is the only order from which OPC can appeal. Recognizing that *State ex rel. Office of Public Counsel* was in the same identical posture as this case, the PSC argues that it, nevertheless, should be disregarded because it improperly treated a tariff approval order as an appealable order. The PSC maintains that the OPC has no right to appeal from tariff approval orders because such orders are not final in the same way that its report and orders are. The PSC opines that this issue must not have been raised by the parties in *State ex rel. Office of Public Counsel* and that the Missouri Supreme Court must not have considered whether tariff approval orders were appealable. In making its argument, the PSC disregards the fact that Missouri appellate courts have a duty in all cases to determine *sua sponte* whether the underlying ruling is final and appealable and to dismiss the case if they are not. *Ndegwa v. KSSO, LLC,* 371 S.W.3d 798, 801 (Mo. banc 2012). Accordingly, the Missouri Su-

preme Court must be deemed to have considered whether the tariff approval order involved in *State ex rel. Office of Public Counsel* was appealable by the OPC and determined that it was. In that regard, the Supreme Court expressly stated that "[w]hen the *PSC approves a tariff for new utility rates, public counsel,* if it wishes to exercise its right to review, *must file an application for rehearing* before the new rates take effect." *State ex rel. Office of Public Counsel,* 236 S.W.3d at 634 (emphasis added).

 As the case at bar involves precisely the same type of order involved in *State ex rel. Office of Public Counsel,* that case is controlling herein. *State ex rel. Office of Public Counsel* reflects both that a tariff approval order is appealable and that a writ of mandamus is an appropriate remedy where a reasonable time has not been provided to the OPC to file an application for rehearing on such an order. And we are, of course, " 'constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court.' " *Custer v. Hartford Ins. Co.,* 174 S.W.3d 602, 609 (Mo.App. W.D.2005) (quoting *Kinder v. Missouri Dep't of Corrections,* 43 S.W.3d 369, 374 (Mo.App. W.D.2001)).

 The two-plus days afforded to the OPC in the case at bar was less than the four-plus days (December 29 at 3:40 p.m. until 5 p.m. on January 2) that the Supreme court noted would have been unreasonable in *State ex rel. Office of Public Counsel.* Nonetheless, the PSC asserted in its order and in its brief in this Court that the shortening of the statutory thirty-day period for its orders to become operative was necessary in this case because January 26th was what is known in utility regulation as the "operation of law date." This is the date that results when the PSC has suspended a tariff for the maximum time authorized by statute—a total of eleven months comprised of (1) the thirty-day period before a filed tariff would otherwise automatically become effective absent action by the PSC, § 393.140(11); (2) the 120-day suspension of the tariff allowed by § 393.150.1 when the PSC has decided to conduct a hearing related thereto; and (3) the additional extension of the suspension for a period of up to six months permitted by § 393.150.2 where the hearing cannot be concluded within the original suspension period. Since the PSC lacks the authority to further suspend a tariff from going into effect beyond those time periods, absent a final decision by the PSC, a tariff would go into effect at the end of that eleven-month timeframe by operation of law. *§§ 386.490.3, 386.140(11).*

The PSC asserts that the "operation of law date" evidences a legislative intent that these matters be fully resolved within eleven months from the time of filing and that the need for its order to be effective by the January 26th "operation of law date" constituted good cause for providing such an abbreviated period of time between the issuance of the tariff approval order and its effective date. The OPC responds by noting that the PSC had rejected the tariffs originally filed by KCP & L and GMO in its report and order of January 9th and asserting that the January 26th "operation of law date" had no relevance to the newly filed tariffs or the PSC's order approving those tariffs on January 23rd. We need not decide whether the OPC is correct in this regard because, even if the suspension statutes were applicable and reflect a legislative intent to complete cases such as this within an eleven-month timeframe, the desire to comply with that legislative intent would not excuse the PSC's failure to timely resolve the case so as to give the parties a reasonable time in which to file an application for rehearing as required by law.

Assuming, *arguendo*, a legislative intent that these cases be fully resolved within eleven months of the original filing, the statutes also clearly reflect a legislative intent that the OPC and other parties be provided the opportunity to pursue rehearing and appellate review of PSC orders, *see §§ 386.500.1, 386.710.3,* and, in order for that right of review to be meaningful, applicants must be given due process and a reasonable time in which to file their applications for rehearing. *State ex rel. Office of Public Counsel,* 236 S.W.3d at 636. Contrary to the PSC's implicit argument, there is no conflict in these expressions of legislative intent. Rather, the statutes simply require that the PSC process cases in a timely fashion, which means, of necessity, concluding its hearings and entering orders far enough in advance of the operation of law date (if it is in fact applicable) so as to provide the OPC and other parties a reasonable time in which to request rehearing and file appeals. The PSC's failure to meet appropriate timelines cannot justify or constitute "good cause" for infringing upon the due process rights of the parties.

Having reviewed the record and found no exigent circumstances that could justify the exceedingly truncated period for the filing of an application for rehearing dictated by the PSC in this case, we conclude that the time allowed by the PSC for filing of an application for rehearing was not reasonable. Even assuming that it was theoretically possible to thoroughly review the order and all the tariff sheets approved therein, to identify all of the appealable issues, and to draft a proper application for rehearing in the amount of time provided, it is unreasonable for the PSC to assume that the various attorneys for the multitude of parties involved in this matter would be able to abandon their other responsibilities and find the necessary time within the allotted two-plus day period to do so.

In this regard, the PSC and the electrical companies contend that the Missouri Energy Consumers Group, another intervening party like the OPC, filed an application for rehearing on the January 25 deadline and argue that this establishes the reasonableness of the time provided. They have failed to include a copy of that application for rehearing in the record before this Court. In response, likewise failing to attach that application as an exhibit, the OPC claims that the application expressly averred, "While MECG is filing this immediate pleading, it is incomplete due to the Commission's refusal to provide adequate time." In any event, the mere filing of an application for rehearing by one party does not establish the reasonableness of the time allowed for such a filing. Indeed, the interests of the parties that might seek application for review can vary substantially. Some parties may only be concerned with specific findings or conclusions of the PSC or a limited number of the tariff sheets that have been approved. Moreover, the OPC is the only party in any PSC proceeding tasked by law with representing the interests of all Missouri consumers, and it must do so with an exceedingly small staff and only three lawyers to handle the workload.

The parties acknowledge that the PSC routinely shortens the effective date of its orders from the thirty days specified by statute. The frequency with which these issues arise suggests there is need for clarification. While the PSC has discretion to set a time less than thirty days for the effective date of an order, case law suggests that anything less than ten days is likely unreasonable. *See Harter v. Missouri Pub. Serv. Comm'n,* 361 S.W.3d 52, 58 (Mo.App. W.D.2011). Viewing that case law in conjunction with the Missouri Su-

preme Court's teaching in *State ex rel. Office of Public Counsel v. Public Service Commission,* 236 S.W.3d 632 (Mo. banc 2007), and what has already been said herein, it is clear that any shortening of the date on which PSC orders will become effective to less than ten days is presumptively unreasonable and, if challenged, would require the PSC to demonstrate that the circumstances surrounding the case are so extraordinary as to clearly warrant further encroachment on the time provided to the parties in which to exercise their right to apply for rehearing and/or appeal and that the time allowed was reasonably sufficient.

By issuing its January 23 order with an effective date of January 26 without any extraordinary circumstances that could justify such a truncated period, the PSC abused its discretion by failing to allow the parties a reasonable time in which to petition for rehearing and/or appeal that order. This Court, therefore, makes peremptory our preliminary writ of mandamus requiring the PSC to vacate its order granting expedited treatment and approving tariffs issued on January 23, 2013, and to allow the OPC a reasonable time to prepare and file an application for rehear-

ing upon the approval of those tariffs in any subsequent order.[3]

HOWARD, J., and HARDWICK, J., concur.

---

**3.** A substantial portion of the PSC's responsive brief is dedicated to asserting that, if the tariff approval order is deemed appealable and we determine that the OPC was not afforded a reasonable time to file its motion for rehearing, any issues raised in the future by the OPC that challenge the report and order rather than the tariff approval order should be deemed improper. The PSC cites *In the Matter of the Determination of Carrying Costs,* 408 S.W.3d 175, 188–90 (Mo.App. W.D.2013), for that proposition. The PSC's arguments are based solely on speculation regarding claims the OPC might or might not decide to assert in a future motion for rehearing, and such claims are clearly not ripe for consideration at this time. Indeed, the OPC states in its reply brief that it "does not intend to

attempt to appeal any issues other than those raised by the tariff approval process." Were we to address the PSC's arguments, "we would simply be rendering an advisory opinion on some future set of circumstances, which we are not permitted to do." *Missouri Retired Teachers Foundation v. Estes,* 323 S.W.3d 100, 103 n. 8 (Mo.App. W.D.2010) (internal quotation omitted). The sole issue currently before this court is whether the PSC allowed the OPC a reasonable time in which to file a motion for rehearing. We further note that, in issuing our writ on that basis, this Court has not examined and expresses no opinion related to the lawfulness or reasonableness of the substance of the January 23, 2013 order.