

*In the*

*Missouri Court of Appeals*

*Western District*

| | |
|---|---|
| IN THE MATTER OF KANSAS CITY POWER & LIGHT COMPANY'S REQUEST FOR AUTHORITY TO IMPLEMENT A GENERAL RATE INCREASE FOR ELECTRIC SERVICE, | WD76164 Consolidated with WD76165 |
| | OPINION FILED: |
| Respondent, | JANUARY 28, 2014 |
| v. | |
| MIDWEST ENERGY CONSUMERS' GROUP, | |

Appellant,

OFFICE OF PUBLIC COUNSEL,

Respondent,

MISSOURI PUBLIC SERVICE COMMISSION,

Respondent,

DOGWOOD ENERGY, INC., RESPONDENT,

Respondent,

UNION ELECTRIC D/B/A AMEREN MISSOURI,

Respondent,

APPEAL FROM THE PUBLIC SERVICE COMMISSION

Before Division One: Alok Ahuja, P.J., Thomas H. Newton,  Anthony Rex Gabbert, JJ.

Midwest Energy Consumers' Group ("MECG") appeals the order of the Public Service Commission ("PSC"), which granted Kansas City Power & Light ("KCP&L") its requested tariffs. In its initial brief, MECG raised six points on appeal, all of which alleged that the PSC erred in issuing its order granting expedited treatment and approving tariffs issued on January 23, 2013. On September 10, 2013, this Court issued a writ of mandamus finding that the PSC abused its discretion by failing to allow the parties a reasonable time to petition for rehearing and/or appeal that order and requiring the PSC to vacate its order. MECG concedes that there are no remaining substantive disputes for this Court to rule upon. Nevertheless, MECG contends that this case is not moot because this Court is required, pursuant to Section 386.520, RSMo Cum. Supp. 2011, to grant additional relief. We dismiss the appeal as moot.

**Factual Background**

On February 27, 2012, KCP&L filed proposed tariffs with the PSC.[1] The following day, the PSC issued its Order Suspending Tariff, Setting Pre-Hearing Conference, and Directing Filings; and Notice of Contested Case and Hearings. On January 9, 2013, the PSC issued its Report and Order that rejected KCP&L's proposed tariffs and ordered KCP&L to file compliance tariffs consistent with the Report and Order.

On January 16 and 18, 2013, KCP&L filed tariffs it alleged were in compliance with the Report and Order. Those tariffs initially included a 30-day notice and publication period. On January 22, 2013, the PSC's staff filed its recommendation to approve KCP&L's compliance tariffs with an affidavit asserting that the tariffs complied with the provisions of the PSC's Report

---

[1] The PSC is responsible for regulating public utilities, such as electrical companies, within the State of Missouri under Chapters 386 and 393 of the Missouri Revised Statutes.

and Order. Later that day, MECG filed its Objection to the Affidavit and a Request for Scheduling of Hearing.

On January 23, 2013, the PSC issued its Order Granting Expedited Treatment, Overruling Objection, and Approving Compliance Tariffs. Therein, the PSC approved the KCP&L tariffs, expedited the effective date of the order to midnight on January 26, 2013, and reduced the thirty-day notice and publication period from thirty days to three days. On January 25, 2013, MECG filed an Application for Rehearing of the PSC's January 23, 2013 order. On January 30, 2013, the PSC denied MECG's Application for Rehearing.

The Office of the Public Counsel ("OPC")[2] petitioned this Court on February 6, 2013, for a writ of mandamus that would order the PSC to vacate the January 23, 2013 order and allow it a reasonable time in which to file an application for rehearing. On February 28, 2013, MECG filed its notice of appeal against the PSC. On March 13, 2013, this Court issued a preliminary writ of mandamus.[3] On September 10, 2013, this Court made peremptory its preliminary writ of mandamus and required the PSC to vacate its order granting expedited treatment and approving tariffs issued on January 23, 2013, and allow the OPC a reasonable time to prepare and file an application for rehearing upon the approval of those tariffs in any subsequent order.

**Mootness of Appeal**

Respondents argue that, because the order from which MECG based its appeal has now been vacated pursuant to this Court's writ of mandamus, MECG's appeal is now moot. We

---

[2] The OPC is an agency of the State of Missouri responsible for representing utility consumers in cases before the PSC and on appeal of PSC orders. §§ 386.700, 386.710, RSMO 2000. OPC did not file the appeal now before us. However, any interested party, including MECG, may request a rehearing and file an appeal with this Court. §§ 386.500, 386.510, RSMO 2000.

[3] *State ex rel. Office of Public Counsel v. Public Service Commission*, No. WD76079, 2013 WL 4805765 (Mo. App. Sept. 10, 2013).

3

agree. "A threshold question in any appellate review of a controversy is the mootness of the controversy." *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) (internal citations and quotations omitted). "A moot issue is one upon which, if we resolved it in the appellant's favor, our holding would have no practical effect." *T.C.T. v. Shafinia*, 351 S.W.3d 34, 36 (Mo. App. 2011). "When an event occurs that makes a decision on appeal unnecessary or makes it impossible for the appellate court to grant effectual relief, the appeal is moot and generally should be dismissed." *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo. App. 1998).

MECG acknowledges in its reply brief that, because of this Court's September 10, 2013 writ and the PSC's subsequent order vacating its January 23, 2013 order, there are no remaining justiciable issues associated with MECG's six appeal points. However, MECG argues that this case is not moot because this Court is required, pursuant to Section 386.520, to instruct the PSC to grant additional relief.

Section 386.520.2(1) states in relevant part:

> With respect to orders issued on and after July 1, 2011, that involve the establishment of new rates or charges for public utilities that are not classified as price-cap or competitive companies, there shall be no stay or suspension of the commission's order or decision, however: In the event a final and unappealable judicial decision determines that a commission order or decision unlawfully or unreasonably decided an issue or issues in a manner affecting rates, then the court shall instruct the commission to provide temporary rate adjustments and, if new rates and changes have not been approved by the commission before the judicial decision becomes final and unappealable, prospective rate adjustments.

MECG argues that because this Court's final and unappealable writ of mandamus found that the PSC abused its discretion by expediting the effective date of its January 23, 2013 order which affected rates, this Court is bound by Section 386.520.2(1) to grant additional relief. We disagree.

4

For Section 386.520.2(1) to be applicable, a final and unappealable judicial decision must have concluded that a PSC order or decision unlawfully or unreasonably decided an issue or issues in a manner affecting rates. Here, this Court's writ of mandamus did not find that the PSC's order unlawfully or unreasonably decided an issue affecting rates. This Court issued no opinion with regard to the substance of the PSC's order regarding rates. Rather, this Court found that the PSC abused its discretion by failing to allow the parties a reasonable time in which to petition for rehearing and/or appeal the order regarding rates. *State ex rel. Office of Public Counsel v. Public Service Commission*, No. WD76079, 2013 WL 4805765, at *7 (Mo. App. Sept. 10, 2013). With regard to the substance of the order, we explicitly stated:

> The sole issue currently before this Court is whether the Commission allowed the OPC a reasonable time in which to file a motion for rehearing. We further note that, in issuing our writ on that basis, this Court has not examined and expresses no opinion related to the lawfulness or reasonableness of the substance of the January 23, 2013 order.

*Id.* at *7-8 n.3.

Our decision in the mandamus proceeding also cannot be considered a "final" decision within the meaning of Section 386.520.2(1). Our decision required the PSC to vacate its tariff approval order, and give OPC a reasonable time in which to apply for rehearing, based on a procedural defect: the PSC's failure to give OPC and other interested parties a reasonable time within which to apply for rehearing. Our decision had the effect of reopening the proceeding before the PSC, similar to a remand for further proceedings. Yet the general rule is that "an order or judgment remanding a cause to an agency does not constitute a final disposition of the case," *Buchheit, Inc. v. Missouri Commission on Human Rights*, 215 S.W.3d 268, 274 (Mo. App. 2007) (citation and internal quotation marks omitted), except in circumstances where the court considers the merits of the agency's decision. *Id.* at 275-76.

5

Indeed, the Supreme Court has held that a court decision virtually identical to our decision in the mandamus action was *not* a "final," appealable order. In *State ex rel. St. Louis County v. Public Service Commission*, 228 S.W.3d 1 (Mo. 1950), a circuit court's judgment found a Commission Report and Order to be unlawful, in part, "because the Report and Order was supplemented so near the effective date . . . as to deprive those interested of the reasonable opportunity to prepare and file motions for rehearing," *id.* at 2 — the same legal conclusion on which our mandamus decision was based. Based on its finding that the Commission's Report and Order was unlawful, the circuit court remanded the case to the Commission for further proceedings. The Supreme Court dismissed an appeal from the circuit court's judgment, concluding that the circuit court's decision was not a "final," appealable judgment because the decision was "not on the merits," and because the aggrieved party could seek review and appeal after the decision on remand. *Id.* at 3. Under *St. Louis County*, our mandamus decision cannot be considered a "final . . . judicial decision" within the meaning of Section 386.520.2(1).

Thus, Section 386.520.2(1) is inapplicable. As the order from which MECG's appeal originated has now been vacated, there remains nothing for this Court to decide and we dismiss MECG's appeal as moot.

/s/_____
Anthony Rex Gabbert, Judge

All concur.

6