

# *MISSOURI COURT OF APPEALS*
# *WESTERN DISTRICT*

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF LACLEDE GAS COMPANY TO CHANGE ITS INFRASTRUCTURE SYSTEM REPLACEMENT SURCHARGE IN ITS MISSOURI GAS ENERGY SERVICE TERRITORY; IN THE MATTER OF THE APPLICATION OF LECLEDE GAS COMPANY TO CHANGE ITS INFRASTRUCTURE SYSTEM REPLACEMENT SURCHARGE IN ITS LACLEDE GAS SERVICE TERRITORY; THE OFFICE OF PUBLIC COUNSEL; | WD82200 and WD82297 OPINION FILED: November 19, 2019 |
| Appellant, | |
| SPIRE MISSOURI, INC., | |
| Appellant, | |
| v. | |
| THE MISSOURI PUBLIC SERVICE COMMISSION, | |
| Respondent. | |

## APPEAL FROM THE PUBLIC SERVICE COMMISSION

**Before Division Two: Thomas H. Newton, Presiding Judge, Anthony Rex Gabbert, and Thomas N. Chapman, Judges**

The Office of Public Counsel (OPC)[1] and Spire Missouri, Inc., a gas corporation and public utility, appeal a Public Service Commission[2] determination that it lacked the authority to require that Spire refund, or return to, ratepayers excess infrastructure surcharges[3] related to the company's 2017 neighborhood-replacement program after this Court found the same surcharges ineligible as to the company's 2016 infrastructure surcharges, reversing as unlawful a Commission ruling to the contrary. *In re Laclede Gas Co. v. Office of Pub. Counsel*, 539 S.W.3d 835 (Mo. App. W.D. 2017).[4] Having found the OPC's request for a ratepayer refund under a 2017 stipulation and agreement moot, the Commission also seeks to dismiss the appeal as moot, arguing that the company's 2017 general rate cases, which are currently pending before the Missouri Supreme Court, reset Spire's 2017 surcharges to zero and thus the

---

[1] The Office of Public Counsel (OPC) is the Missouri state agency responsible for representing consumers in cases before the Public Service Commission and on appeals of Commission orders. *In re Kansas City Power & Light Co. v. Midwest Energy Consumers' Grp.*, 425 S.W.3d 142, 144 n.2 (Mo. App. W.D. 2014) (citing sections 386.700 and 386.710).

[2] The Public Service Commission regulates public utilities, such as gas companies, in Missouri under Chapters 386 and 393 of the Missouri Revised Statutes. *In re Kansas City Power & Light Co.*, 425 S.W.3d at 143 n.1.

[3] The "infrastructure system replacement surcharge" is commonly referred to as an ISRS. *See, e.g.,* § 393.1015, RSMo (2016). We will refer to it as an infrastructure surcharge to avoid the overuse of acronyms and any resulting confusion. We also refer to the gas company, variously known during the relevant time period as Laclede Gas Co., Missouri Gas Energy, and subsequently Spire Missouri, Inc., as Spire for the reader's convenience.

[4] Spire has an eastern and a western territory in Missouri, and, when Spire has sought a surcharge or a new general base rate, it has done so by bringing two cases, one for each territory. This appeal involves two surcharge cases filed for the company's infrastructure projects in each of its territories in 2017 and analyzes their relation to two general rate cases filed in 2017—that took effect in 2018—for each of Spire's territories. No other general rate cases are at issue or discussed. The related appeals argued with this appeal similarly involve two infrastructure-surcharge cases from 2016 (WD82199, WD82299) and two infrastructure-surcharge cases from 2018 (WD82302, WD82373).

excess surcharges are no longer eligible for recovery. We overrule the motion and have considered the matter on the merits. We reverse and remand for further proceedings.

The Commission issued three separate orders following a consolidated hearing in August 2018 intended to allow the parties to introduce evidence on the methodology the Commission would use to determine how to place a value on those components of the neighborhood infrastructure Spire replaced—plastic mains and service lines—and which this Court determined were ineligible for recovery as infrastructure surcharges because the components were not worn out or deteriorated and no obligation had been placed on Spire to replace them by a government-mandated safety requirement. *Id.* at 840.[5] The consolidated hearing pertained to Spire's infrastructure surcharges for projects in 2016, 2017, and 2018, each of which arises in different proceedings that are procedurally distinguishable. This appeal focuses on the 2017 cases.

When Spire sought surcharges for its 2017 infrastructure projects, the 2016 surcharge cases were pending before this Court. The OPC opposed some of the 2017 project costs for the same reason that it had opposed costs in the 2016 cases. The parties entered a stipulation and agreement as to the 2017 cases believing

---

[5] Note that section 393.1012.1 permits a gas corporation to petition the Commission to increase its infrastructure surcharge to recover the costs of "certain government-mandated infrastructure replacement projects outside a general ratemaking case." *In re Laclede Gas Co. v. Office of Pub. Counsel*, 539 S.W.3d 835, 838 (Mo. App. W.D. 2017) (citation omitted). The infrastructure-surcharge mechanism is more streamlined than a public utility's general rate proceeding and is of more limited duration. Compare sections 393.1015.2 and .5(2) with section 393.270.

3

that a court ruling on the matter would be dispositive and that it would not be a productive use of the Commission's or the parties' resources "to litigate the Plastics Issue before the Commission again."[6] Under the agreement, which the Commission approved in April 2017, if this Court reversed the Commission's ruling on infrastructure cost-recovery eligibility as unlawful or unreasonable, "then the court's final decision shall be applied to the [2017 cases] in the same manner as it is applied to the [2016 cases], as applicable." Spire and Commission staff agreed not to challenge the OPC's right to request that the Commission determine the amount of the infrastructure-surcharge refund for the 2017 projects under the Court's ruling, but all signatories agreed "to make any argument they wish regarding the methodology, propriety, and quantification of such refund, if any."[7] After the Missouri Supreme Court denied transfer in March 2018 and our mandate issued in the 2016 cases, the Commission asked the parties to file recommendations about moving forward with the 2016 cases; the OPC addressed both the 2016 and 2017 cases in a single recommendation given the stipulation

---

[6] During oral argument, the Commission contended that OPC should not have entered a stipulation as to the 2017 infrastructure surcharges that Spire sought, but instead should have allowed the surcharges to be imposed and then litigated the matter to get its challenge properly before this Court. We would not encourage parties to avoid reaching agreements that have the potential to conserve agency and judicial resources.

[7] The Commission subsequently approved tariffs for the 2017 infrastructure surcharges of $3,000,749 and $3,044.481 for Spire's separate territories on Staff's recommendation in May 2017. According to Staff, the recommended tariffs complied with the unanimous stipulation and agreement of the parties and thus *included* the costs for replaced plastic mains and service lines later found ineligible by this Court with respect to the 2016 cases and due to be refunded under the parties' agreement in the 2017 cases.

4

and agreement that related the 2017 cases to the outcome of the court appeal in the 2016 cases.

Because Spire's 2017 general rate cases were not finalized until compliance tariffs were approved on April 4, 2018, the OPC requested in a March 2018 pleading titled "Public Counsel's Recommendation" that the Commission determine which infrastructure surcharges from Spire's 2016 and 2017 cases were ineligible for recovery and suggested that the Commission apply any over-collection to the rate base set in the 2017 general rate cases.[8] The OPC calculated those excess surcharges in the total amount of $4.9 million. Spire opposed the OPC's recommendation on procedural and evidentiary grounds. Commission Staff recommended that costs associated with the ineligible infrastructure surcharges be refunded to Spire's ratepayers in the company's 2018 infrastructure-surcharge cases. Staff calculated the excess surcharges at $3,634,344.

The record does not show whether the refunds that OPC requested for the 2017 infrastructure surcharges were accounted for or incorporated in the 2017 general rate cases. We assume that the refunds were not accounted for because,

---

[8] As to the 2017 general rate cases, appealed by Spire, the Southern District affirmed the Commission order, and the Missouri Supreme Court granted Spire's motion to transfer on September 3, 2019, at No. SC97834. *Spire Mo., Inc. v. Pub. Serv. Comm'n*, No. SD35485 (Mo. App. S.D. Mar. 15, 2019). It does not appear that any infrastructure-surcharge issues are part of the matters challenged in this appeal. As noted above, because Spire serves customers in the eastern and western parts of Missouri at different rates, its rate cases came before the Commission as two separate matters, but were consolidated on appeal. *Id.* slip op. at 3. The OPC later argued in the proceedings leading to the case currently before this Court that the 2017 surcharge refunds could be provided through a line item on customers' bills or through a separate and independent temporary rate adjustment under section 386.520.2(2).

5

as indicated above, after Spire's 2017 general base rates went into effect, the Commission ordered an August 2018 evidentiary hearing on the appropriate methodology for valuing the ineligible surcharges as to the 2016, 2017, and 2018 infrastructure-surcharge cases and thus would have had no basis to account for the ineligible surcharges in the 2017 general rate cases until after the hearing took place. The Commission then issued an "Order Denying Request to Modify Commission Order" on September 20, 2018, as to the 2017 surcharge cases at issue in this appeal. In that order, the Commission deemed the OPC's pleading—the "Recommendation"—a request to modify the 2017 final Commission order, which had approved the stipulation and agreement, and determined that it lacked the legal authority to order refunds of ineligible infrastructure-surcharge costs in the 2017 cases, citing statutes that it claimed do not allow the retroactive correction of superseded infrastructure-surcharge tariffs after a general rate case includes those infrastructure costs in the base rates. The Commission concluded that the "OPC's request to modify the final order approving the stipulation and agreement is moot and will be denied." The OPC filed an application for rehearing, which the Commission denied, and timely filed this appeal. Spire also filed an application for rehearing, which the Commission denied, and timely filed an appeal to argue that the Commission erred to the extent, if any, that it determined that any of the costs in the company's 2017 infrastructure-surcharge cases were ineligible for recovery due to the Commission's failure to issue findings of fact and conclusions of law to support

6

that determination. We consolidated the appeals of the 2017 infrastructure-surcharge cases.

**MOOTNESS**

We have taken with the case the Commission's motion to dismiss for mootness and the motion to strike the OPC's brief for failure to comply with Rule 84.04. Spire has joined the Commission's motion to dismiss but only with the understanding that the Commission's disposition of the 2016 infrastructure-surcharge cases does not apply to the Commission order denying for mootness the OPC's request for refund in the 2017 infrastructure-surcharge cases. The company suggests that its right to challenge the Commission's decisions regarding ineligible infrastructure-surcharge costs in the 2016 cases will not be waived by a dismissal of the consolidated appeal here as the Commission did not rule on the merits of the infrastructure-surcharge costs in the 2017 cases and made no finding on the eligibility or amount of those costs, which would have to be determined on remand, if that occurs. We address the Commission's mootness argument first.

According to the Commission, under *In re Missouri-American Water Co. v. Office of Public Counsel*, 516 S.W.3d 823 (Mo. banc 2017), once it granted Spire general base rate increases for 2017, it lost the authority to order a correction to the superseded 2017 infrastructure surcharges, which were required by statute to be reset to zero. *Id.* at 828 (citing section 393.1006.6(1) and stating,

7

"superseded tariffs cannot be corrected retroactively.").[9] In that case, the OPC had challenged the Commission's authority to grant a petition for infrastructure surcharges, and the matter was pending on appeal when the water company filed a separate rate case. *Id.* at 826-27. Commission Staff and the water company "reached a stipulation and agreement establishing a new base rate that incorporated the costs of the [water company's] projects for all then-existing surcharges, including the surcharge at issue in this case." *Id.* at 827. Because the surcharge was reset to zero "once the new base rates went into effect[,] . . . the surcharges that were the subject of the underlying interim rate case were no longer in effect by the time the appellate court issued its opinion." *Id.* According to our supreme court, the legal question underlying the infrastructure surcharges was therefore moot and did not fit within the public-interest exception to the mootness doctrine. *Id.* at 828-29.

---

[9] The equivalent statutory subsection applicable to gas utilities is found in section 393.1015, which states the following:

> A gas corporation that has implemented an ISRS [infrastructure system replacement surcharge] pursuant to the provisions of sections 393.1009 to 303.1015 shall file revised rate schedules to reset the ISRS to zero when new base rates and charges become effective for the gas corporation following a commission order establishing customer rates in a general rate proceeding that incorporates in the utility's base rates subject to subsections 8 and 9 of this section eligible costs previously reflected in an ISRS.

§ 393.1015.6(1). Because the Missouri Supreme Court cited this Court's decision in *State ex rel. Praxair, Inc. v. Public Service Commission*, 328 S.W.3d 329 (Mo. App. W.D. 2010), the legal principle is better stated as "superseded tariffs are *generally* considered moot and therefore not subject to consideration because superseded tariffs cannot be corrected retroactively." *Id.* at 334 (emphasis added) (citations omitted).

8

We do not find the water company case applicable to the matter at hand. Here, when our decision finding the costs to replace plastic mains and service lines ineligible for recovery in the 2016 infrastructure-surcharge cases became final, Spire's 2017 general base rates had not yet gone into effect. The Missouri Supreme Court denied transfer in the 2016 infrastructure-surcharge cases on March 6, 2018; our mandate issued on March 7, 2018, and the parties knew as early as November 21, 2017, when we issued the opinion, that the costs for plastic mains and service lines had been ruled ineligible for recovery as infrastructure surcharges. The Commission approved Spire's 2017 general rate cases on March 7, 2018, with an effective date of March 17, 2018, and compliance tariffs for those rate cases were approved April 4, 2018. Under section 393.1015.6(1), an infrastructure surcharge incorporated into a general rate case is reset to zero when the new base rates "become *effective*." Because the rates in the 2017 general rate cases did not go into effect until March 17, 2018, at the earliest, the 2016 and 2017 infrastructure surcharges had not been reset to zero when our eligible-costs decision and order for proceedings consistent with our opinion became final.[10] Further, the parties had signed a stipulation and agreement, approved by the Commission, that the final determination as to the appeal of the 2016 cases would be applied to the 2017

---

[10] The Commission's September 20, 2018, report and order on remand in the 2016 infrastructure-surcharge cases, states, in fact, that Spire's 2017 general rates became *effective* on April 19, 2018, or more than one month after our mandate issued in *In re Laclede Gas Co.*, and the existing infrastructure surcharges were then reset to zero.

9

infrastructure-surcharge cases, subject only to a calculation of the refunds owed to Spire's ratepayers. While it may not be possible at this late date under the law to "correct" the 2017 infrastructure surcharges, which have now been reset to zero, excess charges may flow through and be returned to ratepayers by means of temporary rate adjustments. § 386.520.2. The matter is not moot.

The Commission also argues that we should grant its motion to dismiss because the OPC and Spire "seek relief that is unauthorized under the exclusive and jurisdictional procedures of Sections 386.500 and 386.510." In its view, the OPC should have appealed the Commission order approving the stipulation and agreement to which OPC was a party because the Commission approved the 2017 infrastructure surcharge, including the costs of replaced plastic, in that order and it has deemed the OPC's "Recommendation" following our ruling in the 2016 infrastructure-surcharge cases as a request to modify that order. The Commission also contends that it cannot reach back and modify the order approving the stipulation to establish a 2017 infrastructure surcharge for an amount other than what was approved in that order, i.e., an amount that included the cost to replace plastic mains and service lines. Essentially, the Commission asks this Court to overlook our ruling that the Commission's approval of Spire's recovery of costs for the replacement of plastic components in 2016 was not permitted under the infrastructure-surcharge statute and that the Commission approved a stipulation under which the parties agreed that ratepayers could be refunded, or recover excess charges, in the 2017 cases if the courts finally ruled these costs ineligible

10

in the 2016 cases. We do not believe that the law allows the Commission to move forward, particularly under the circumstances of this case, as if we had not spoken to the issue before the new base rates went into effect. We feel compelled to observe, as well, that the law does not contemplate the incorporation of ineligible costs previously reflected in an infrastructure surcharge into a utility company's base rates. § 393.1015.6(1) (pertaining to the incorporation in new base rates of "*eligible* costs previously reflected in an [infrastructure surcharge]" (emphasis added)). We overrule the motion to dismiss.

As to the Commission's contention that the OPC's point is multifarious, even if we were to agree, we may still, in the exercise of our discretion, "attempt to resolve the issue on the merits." *LaBarca v. LaBarca*, 534 S.W.3d 329, 335 n.4 (Mo. App. W.D. 2017) (citation omitted); *see also State ex re. Mo. Office of Pub. Counsel v. Pub. Serv. Comm'n*, 293 S.W.3d 63, 70 (Mo. App. S.D. 2009) (declining to dismiss appeal for briefing deficiencies, court references the "substantial business and private interests and investments" at stake in a case of this nature). Accordingly, we will not strike the OPC's brief.

**2017 INFRASTRUCTURE-SURCHARGE REFUNDS**

After the Commission issued the September 20, 2018, order, which it unilaterally denominated a denial of a request to modify its April 2017 order, the OPC sought a rehearing under section 386.500 and, when that request was denied, filed an appeal under section 386.510. Accordingly, the Commission's order finding moot OPC's recommended disposition following our remand in

11

*Laclede* and the stipulation the Commission approved, is properly before this Court. In the sole point relied on, the OPC argues that the Commission erred by declining to enforce its April 2017 order "because the enforcement of that prior order does not require separate statutory authority to independently issue refunds as suggested by the Commission and would not result in a remedy that is moot." According to the OPC, the Commission's order required Spire to adhere to its agreement that a court ruling in the 2016 infrastructure-surcharge cases would be applied to the 2017 cases; by remanding the Commission's decision in the 2016 cases for further proceedings consistent with our opinion, this Court implicitly instructed the Commission to comply with section 386.520.2; determination of the amount of the required refunds would not challenge the validity of Spire's infrastructure surcharges or its ability to use the surcharge statute; and the refunds would only affect money that Spire collected before its rates were reset in the 2017 general rate cases.

The Commission determined that it lacked statutory authority to correct the 2017 infrastructure surcharges under section 393.1015.6(1), and *In re Missouri-American Water Co.* Because this raises an issue of law, we must determine whether the Commission's order is lawful. *State ex rel. AG Processing, Inc. v. Pub. Serv. Comm'n*, 120 S.W.3d 732, 734 (Mo. banc 2003). "The lawfulness of a [Commission] order is determined by whether statutory authority for its issuance exists, and all legal issues are reviewed *de novo*." *Id.*

12

In our view, the principal error the Commission made was in deeming the OPC's Recommendation following our remand of the 2016 infrastructure-surcharge cases a request to modify the Commission's April 2017 order, which approved the OPC/Spire stipulation and agreement to apply the Court's ruling in *In re Laclede Gas Co.* to the 2017 infrastructure surcharges. The OPC made the Recommendation at the Commission's request after we remanded in *In re Laclede Gas Co.* and under a stipulation that allowed the OPC to seek refunds for ratepayers of ineligible surcharges that the Commission included in the infrastructure surcharges imposed under the April 2017 order. No modification of the Commission's 2017 order was called for; rather, the OPC, in its Recommendation, sought a "resolution of the outstanding issues related to the plastic portion of the main and service lines which were approved for [the 2017 infrastructure-surcharge cases]." This would require that the Commission enforce the stipulation and agreement that was still in force, the Commission approved, and allowed a refund, or return of excess surcharges to ratepayers.[11] Thus, the Commission erred in deeming the OPC's Recommendation a request to modify the 2017 order.

---

[11] The Commission states in the September 20, 2018, order that the signatories to the stipulation and agreement "did not agree on a specific mechanism to effectuate such refunds. Even if they had so agreed, however, the Commission cannot order a refund of [infrastructure-surcharge] costs without statutory authority." If the Commission is correct, then it lacked the authority to approve the stipulation and agreement and, under section 386.490.2, its April 2017 order is a nullity. That issue is not, however, before this Court.

Also, as indicated above, nothing in *In re Missouri-American Water Co.*, precludes the Commission in this case from ordering adjustments for ratepayers who have paid in excess of what Spire "would have received had the commission not erred." § 386.520.2(2). We decided that Spire's costs for replacing plastic mains and services lines were ineligible for recovery as infrastructure surcharges before the 2017 general base rates went into effect and before the 2017 infrastructure surcharges were reset to zero. As well, Spire agreed to issue refunds to ratepayers in this case, therefore obviating the need for the Commission to do anything more than enforce the stipulation and determine the appropriate amount of the refund/adjustment as requested by the OPC. We recognize that the surcharges have now been reset to zero, but this does not mean that the Commission lacks any authority to order Spire to adjust for excess surcharges or that ratepayers cannot recover refunds by means of temporary rate adjustments or prospective rate adjustments for excess surcharges.

Section 386.520 authorizes the Commission to make "temporary rate adjustments" or "prospective rate adjustments" after a final judicial decision "determines that a commission order or decision unlawfully or unreasonably decided an issue or issues in a manner affecting rates." § 386.520.2.[12] In this regard, the statute states the following:

---

[12] Under section 393.1012, a gas corporation may seek the establishment of infrastructure surcharges "that will allow for the adjustment of the gas corporation's rates and charges to provide for the recovery of costs for eligible infrastructure system replacements." § 393.1012.1. Accordingly, an infrastructure surcharge comes within the ambit of an issue "affecting rates."

14

2. With respect to orders or decisions issued on and after July 1, 2011, that involve the establishment of new rates or charges for public utilities that are not classified as price-cap or competitive companies, there shall be no stay or suspension of the commission's order or decision, however:

(1) In the event a final and unappealable judicial decision determines that a commission order or decision unlawfully or unreasonably decided an issue or issues in a manner affecting rates, then the court shall instruct the commission to provide temporary rate adjustments and, if new rates and charges have not been approved by the commission before the judicial decision becomes final and unappealable, prospective rate adjustments. Such adjustments shall be calculated based on the record evidence in the proceeding under review and the information contained in the reconciliation and billing determinants provided by the commission under subsection 4 of section 386.420 and in accordance with the procedures set forth in subdivisions (2) and (5) of this subsection;

(2) If the effect of the unlawful or unreasonable commission decision issued on or after July 1, 2011, was to increase the public utility's rates and charges in excess of what the public utility would have received had the commission not erred or to decrease the public utility's rates and charges in a lesser amount than would have occurred had the commission not erred, then the commission shall be instructed on remand to approve temporary rate adjustments designed to flow through to the public utility's then-existing customers the excess amounts that were collected by the utility plus interest at the higher of the prime bank lending rate minus two percentage points or zero. Such amounts shall be calculated for the period commencing with the date the rate increase or decrease took effect until the earlier of the date when the new rates and charges consistent with the court's opinion became effective or when new rates or charges otherwise approved by the commission as a result of a general rate case filing or complaint became effective. Such amounts shall then be reflected as a rate adjustment over a like period of time. The commission shall issue its order on remand within sixty days unless the commission determines that

15

additional time is necessary to properly calculate the temporary or any prospective rate adjustment, in which case the commission shall issue its order within one hundred twenty days.

§ 386.520.2.

The Commission erred in determining that it lacked statutory authority to allow ratepayers to recover for the excess 2017 infrastructure surcharges. We will grant this point, but we recognize that the amount of the adjustments in the 2017 infrastructure surcharge cases is still in question, because the Commission did not calculate what percent of the work orders involved in the 2017 surcharge cases involved ineligible plastic mains and service lines.

**SPIRE'S APPEAL**

Spire argues in its appeal that the Commission erred to the extent, if any, that its September 20, 2018, order determined that any of the costs in the company's 2017 infrastructure-surcharge cases were ineligible "because such decision was void of findings of fact, conclusions of law, or any other language in the Order that would support such a determination." Spire makes the same assertions here as it does in its suggestions regarding the Commission's motion to dismiss, i.e., that the Commission has indicated that it did not rule on the merits of the 2017 infrastructure-surcharge cases as it "could not issue a refund in any event." Accordingly, Spire is assured that "appealing the Order is not necessary to preserve its rights to later argue the merits of any future [Commission] case on ineligible [infrastructure surcharge] costs in the 2017

16

Cases." The company asks this Court to find that the Commission's order "did not reach the issue of the eligibility or cost of plastic replacements in the 2017 Cases, did not quantify or order refunds or any replacement costs, and therefore the Order in the 2017 Cases should not be vacated or reversed." The only law that Spire cites is a case giving the Commission the authority "to interpret its own orders and to ascribe to them a proper meaning." While we agree that the Commission did not decide the merits of the 2017 infrastructure surcharges after we remanded the 2016 infrastructure surcharge cases in *In re Laclede Gas Co.*, there was no need for it to do so. Spire agreed that the final decision in that case would be applied in the same manner to the costs for plastic mains and service lines imposed on ratepayers for the 2017 projects. Once a final judicial opinion held that the 2016 infrastructure surcharges were unlawful, no further Commission rulings on eligibility were necessary in the 2017 cases. This point is denied.

## Conclusion

We deny the Commission's motion to dismiss this appeal, having concluded that it is not moot. Because the Commission erred in finding moot and denying the OPC's request that the excess 2017 infrastructure surcharges contemplated in a stipulation and agreement between Spire and the OPC be returned to ratepayers, we reverse and remand for further proceedings consistent with this opinion. The Commission shall calculate the amount of the excess surcharges using the method adopted and affirmed in the 2016 (WD82199,

17

WD82299) infrastructure-surcharge appeals, and shall approve temporary rate adjustments in that amount.

/s/ *Thomas H. Newton*

Thomas H. Newton, Presiding Judge

Anthony Rex Gabbert and Thomas N. Chapman, JJ. concur.